## RAYMOND v. CAME.

Upon a bill in equity for an account filed by one partner against his copartners after the ter-
mination of the partnership, all the parties are to be regarded as actors, and the decree
should settle the partnership concerns between all the partners, as if each was a complain-
ant filing his bill against his copartners.

Hence, in such a proceeding, not only the claims of the complainant against the defendants,
but the claims of each defendant among themselves, should be adjusted and adjudicated, and
executions may be issued in favor of each partner to whom a balance is found due, against
such as are equitably liable to pay the same.

In such a proceeding, if a balance is found against the complainant, in favor of the defend-
ants or any of them, a decree may be entered in favor of such defendants upon the plaintiff's
bill.

IN EQUITY.   This is the same proceeding as in *Raymond* v. *Put-
nam,* 44 N. H. 160.   The original bill was only against Putnam and
Chase, and it was settled that it must be dismissed, as it then stood, for
want of proper parties, and also, because Raymond had no claim upon
Putnam & Chase, as appeared in the former opinion.   Since that time
the plaintiffs bill has been amended   by adding Obed Chase and Came,
and Came & Palmer, as defendants, upon whom proper service has been
made.   The bill has also been amended by striking out all the original
bill after the articles of copartnership, and inserting the facts as found in
the former opinion, stating the amounts paid by each, the amount of
loss, and the agreement of Putnam & Chase in regard to closing up
the affairs of the company, and the results ; and alleging that said Came,
or Came & Palmer, were indebted to said plaintiff in the sum of one hun-
dred and two dollars and two cents, with interest thereon from the time
of the dissolution, and to said Putnam & Chase (including Obed Chase,)
in the sum of seven hundred and forty-five dollars and sixty-one cents,
with interest from the time of dissolution.   The bill prays for an account
of the assets of said firm, and of the amount of debts due from it, and of
the amount of the assets received by each of its members since its disso-
lution, and that it may be ordered and decreed that said Came, or said
Came & Palmer, shall pay to said plaintiff, and also, to said Putnam &
Chase (including Obed Chase,) the several sums above specified, and
for further relief.

Came and Palmer appear and plead severally, both pleading that they
were induced to enter into said partnership originally by the covin and
fraud of said Putnam and Chase, both pleading the statute of limitations,
and Palmer pleading that he sold out all his interest in said firm to said
Came in March, 1862, and that he was not after that a member of the
firm, or in any way interested therein ; that said Came was from that time
to represent and own the interest of both—must perform all the obliga-
tions of both and be entitled to all the benefits of the firm, &c., and that
this was done with the knowledge and assent of the other members of the
firm.

Replication alleging a new promise on the part of Came within six
years.

*Smith,* for plaintiff.

*Wadleigh*, for Putnam & Chase.

*Spring*, for Palmer and for Came.

SARGENT, J. We are satisfied, upon the pleadings and proofs, that Palmer parted with his interest in the firm in the spring of 1862, and that it was arranged between him and Came that Came should have his whole rights, be entitled to all the benefits, and be responsible for all the liabilities of the firm of Came and Palmer, so far as it was connected with the Milford Plow Company, and that thenceforth Came was to own and represent, and be responsible for, the original share of Came & Palmer, and that this was done with the knowledge and consent of the other partners in the Milford Plow Company. The said Palmer is therefore discharged.

In reply to the statute of limitations as pleaded by Came, plaintiff alleges a new promise, &c. It appears that more than six years had elapsed after the dissolution of the partnership before the process in this case was served upon Came, and the question might arise whether this suit was commenced, so far as Came is concerned, at the date of the amendment by which he was made a party to the proceeding, or whether, when a bill is amended and a new party summoned in, the proceeding is to be considered as commenced, by relation, from the date of the original bill. But it does not become necessary to consider that question here, because, in addition to the fact that the original articles of copartnership upon which this proceeding is founded were under seal, there is abundant evidence that Came, shortly before the amendment was obtained in this case, promised to pay the balances found due from him to Raymond and to Putnam & Chase in the former opinion, before referred to.

The evidence does not sustain the charge of covin and fraud on the part of Putnam & Chase. Came is, therefore, to be held responsible for the balances due to the other members of the firm. And it has been settled in such a case, that, upon a bill for an account, filed by one partner against his copartners after the termination of the partnership, all the parties are to be regarded as actors, and the decree should settle the partnership concerns between all the individual partners, as if each was a complainant filing a bill against his copartners. The whole case should be adjudicated upon; not only the claims of the complainant against the defendants, but the claims of the defendants as between themselves. *Grove* v. *Fresh*, 9 Gill & J. 280.

To the same effect is *Scott* v. *Pinkerton*, 3 Edw. Ch. 70, where it is held, that, upon a bill by a partner for an account of the partnership, if a balance is reported against the plaintiff, the defendant may have a decree therefor upon the plaintiff's bill.

The evidence tends to show that Putnam & Chase have made some collections to a small amount since the former opinion was delivered. Let these be adjusted and the proper balances found, when the proper decree will be entered and writs of execution will issue in favor of said Raymond, and of said Putnam & Chase, (including Obed Chase,) against said Came for such balances.