## SMITH v. HAZELTON and Another.

PARTNERSHIP.—*Rights of Partners Between Themselves.—Shares of Stock.— Settlement upon Dissolution.—Pleading.*—A., B., and C. became partners, un- der an agreement by which they were to contribute equally to the capital stock, which was to be a certain amount. A. and B. contributed their full shares, and C. contributed one-half of his share and was to contribute the other half in one year. The firm purchased real estate, machinery, and ma- terials, and engaged in business. The partnership was dissolved before the expiration of one year by the death of A., and, by consent of all the parties in interest, B. closed up the business, after the expiration of one year from the commencement of the partnership. The partnership liabilities were all paid out of the personal assets of the firm, without resort to said real estate. B., C., and the heir of A. sold said real estate, each separately selling one-third thereof and receiving for himself the consideration of the sale of such inter- est. In a suit by B. against C. and the admintstrator of the estate of A., to compel an accounting and settlement of the partnership affairs, and to obtain distribution, C. not having paid in more than his said one-half of his share of the capital stock ;

*Held*, that the complaint was not bad on demurrer for failing to set forth and account for the purchase-money received by the partners upon their several sales of said real estate, or because the plaintiff did not therein offer to ac- count for the consideration of his sale of one-third of said land.

*Held*, also, that C. was not entitled to share equally with his copartners in the profits or assets of the partnership without contributing his full share of the capital stock, and that, therefore, in such adjustment the balance of capital stock unpaid by him should be accounted against him.

APPEAL from the Martin Circuit Court.

BUSKIRK, J.—This is an action to compel an accounting as between partners after dissolution of the partnership.

. The facts alleged are, that on the 15th of February, 1867, the appellant, together with William F. Elston and William F. Hazelton, the appellee, entered into a written agreement of partnership, which stipulated, first, that they had associ- ated to manufacture staves and heading for slack work; second, that the capital stock should be nine thousand dol- lars; third, that each of the partners should put in, as his share of the joint capital, three thousand dollars; fourth, that Hazelton should pay his share (three thousand dollars).

in two instalments, the first one, of fifteen hundred dollars, at the start, the second, of fifteen hundred dollars, at the end of twelve months from the date of the agreement; fifth, that each should employ all his time and skill in the business; sixth, that the partnership should continue three years; that the appellant paid in $2,702.45, $297.55 less than his share; that Elston paid in $3.151, $151 more than his share; that Hazelton paid in $1,443.75, $56.25 less than his first instalment, being all he ever paid in; that the capital stock paid in was $7,297.20; that the partners with the said paid in capital bought land and machinery, and constructed buildings necessary to carry on the business; that on the 26th of August, 1867, with common consent, Wm. F. Elston sold his interest in the said firm to Isaac C. Elston, who by like consent became a full partner in place of his vendor; that on the 24th day of October, 1867, Isaac C. Elston departed this life, by means whereof the said partnership was dissolved; that by common consent of all the parties in interest, Smith, the appellant, wound up the said partnership business; that he continued the said business until it was closed; that the amount of the partnership assets at the time of the dissolution, exclusive of the realty, was $9,083; that the joint liabilities of the said firm at the same date amounted to $7,215; that at the winding up finally he paid of joint liabilities the sum of $15,595.52, using for that purpose the personal assets alone; that the realty, consisting of the factory, machinery, fixtures, and appurtenances, was thus left for distribution among the survivors and the representatives of the deceased, after an adjustment of the accounts between them; that on the 19th of May, 1868, Smith, the appellant, with the consent of Hazelton, sold a separate equal one-third interest in the said realty, to one C. W. Horn, for what amount is not stated; that on the day last aforesaid the heirs of the said Elston deceased sold their separate one-third interest in the said realty to C. W. Horn and Hazelton, the appellee, the price not stated, and as the appellee was one of the

purchasers, the sale must have been made with his knowledge and consent; that on the 15th day of March, 1869, the said Hazelton, the appellee, sold and conveyed one equal one-third interest in the said realty, to the said C. W. Horn, and that this sale was made without the knowledge or consent of the appellant or the heirs of the said Elston; that of the business of the said copartnership nothing remains except to ascertain and finally adjust and settle the accounts and balances due and owing between the partners themselves; that the plaintiff was, at the time of the dissolution, indebted to the firm in the sum of eight hundred and forty dollars and one cent; that the firm was indebted to the said Elston, or his heirs, in the sum of one hundred and fifty-one dollars; that the said Hazelton was indebted to the said firm in the sum of one thousand seven hundred and eighty-four dollars and forty cents; that during the progress of the settlement of the said partnership business, the individual accounts between the said partners underwent material changes, so that at the time of the commencement of the action they stood thus: the plaintiff was indebted to the firm in the sum of six hundred and fifty-four dollars and twelve cents; there was due from the firm to the said Ristine, as administrator of the estate of the said Elston, the sum of one hunderd and fifty-one dollars; the said Hazelton, the appellee, was indebted to the said firm in the second instalment of his capital stock in the said firm, which was to have been paid at the end of twelve months after the formation of the said partnership, the principal and interest of which amounts to the sum of two thousand three hundred and sixty dollars and thirty-eight cents; that there is coming to the plaintiff, after paying to the said firm the said sum of six hundred and fifty-four dollars and twelve cents, the sum of seven hundred and seventy-seven dollars and sixty-three cents, that being his fair proportion of the amount due to the said firm from the said Hazelton; and that the estate of the said Elston was entitled to the sum of one thousand five hundred and eighty-two dollars and

seventy-five cents out of the amount so due from the said Hazelton to the said firm.   The prayer of the complaint was, that there should be an accounting and a final settlement between the parties, and that he may have judgment for the said sum of seven hundred and seventy-seven dollars and sixty-three cents, or so much as may be finally adjudged due and owing to him, and for all proper relief.   There was filed with the complaint exhibits showing in a detailed and tabular form the business of the said partnership and the account of each member of the firm.

Benjamin F. Ristine, administrator of the estate of Isaac C. Elston, deceased, was made a party defendant, and appeared and put in an answer, in which he admitted the truth of the matters alleged in the complaint, and asked for a judgment against the appellee for the sum of one thousand five hundred and eighty-two dollars and seventy-five cents.

The appellee appeared and demurred to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action.   The demurrer was sustained, and the appellant refusing to amend, judgment was rendered for the appellee.

There is a bill of exceptions signed by the judge of the court and made a part of the record, in which it is said that the demurrer was sustained to the complaint on the following grounds: "that the complaint shows certain real property belonging to the partnership as firm property, and subsequent sales of the respective legal interests in the same before settlement of the equitable claims existing between the surviving partners, and at the same time fails to set forth and account for the purchase-money received by the parties from their several sales as assets of the partnership subject to distribution proportionally amongst the parties interested, without which no adjustment of the claims prayed for could be had."

The real question submitted for our decision is this:   Three persons became partners.   The capital stock agreed upon was nine thousand dollars.   The partners were each to pay

Smith *v.* Hazelton and Another.

in three thousand dollars. Two of the partners paid in substantially their shares of capital stock. The other paid one-half, and agreed to pay at the end of twelve months the residue of his stock. The partners purchased real estate, machinery, and materials, and engaged in business. One of the partners died, and thereby the partnership was dissolved. By the consent of all the parties one of the partners closed up the business. The partnership debts and liabilities were paid out of the personal property belonging to the firm. The real estate was left unencumbered of partnership debts. The partners sold the real estate to a third party, and each of the parties received the consideration of the sale of his one-third interest in the real estate belonging to the firm. Two of the partners paid their full shares of the capital. The third had only paid one-half of his share of the capital. The partner who had paid only one-half of his stock received of the partnership assets one full and equal third.

It is now claimed by the appellee that he is entitled to share equally with his copartners in the partnership assets, although he only contributed one-half as much of the capital stock as the other members of the firm. It is also claimed by the appellee that the ruling of the court in sustaining the demurrer to the complaint was correct, because the plaintiff did not in his complaint offer to account for the consideration of his sale of one-third of the partnership lands. The object of the appellant in bringing this action was to compel an accounting and settlement of the partnership affairs. In his complaint he asked for a judgment for a sum certain, or for so much as may be adjudged due and owing him, and for all other proper relief. It is now claimed by the appellee that he is entitled to share equally in the profits of such partnership and division of the property belonging to the said firm, although he only contributed one-half as much to the capital stock of said partnership as the other partners did. In our judgment, this is not the law. It violates every principle of equity. Equality is equity. Before a partner is entitled to share equally in the profits

and property of a partnership, he must have paid in his full and equal share of the capital of such firm, in a case where the partners are to contribute equally to the capital stock. *Jackson* v. *Crapp*, 32 Ind. 422.

It was error for the court below to sustain a demurrer to the complaint, if the plaintiff was, upon the facts stated, entitled to any relief, although he was not entitled to all the relief prayed for. The object of the bill was to obtain an accounting and settlement of the partnership affairs and a distribution of the surplus after the payment of partnership debts. The court might have compelled the plaintiff to make his complaint more specific by alleging the amounts received by the several partners for the real estate by them sold; and the appellee might have presented the matter in an answer. In such a case as the one under consideration, it was the duty of the court to ascertain the amount that each partner had paid into the capital stock, the amount that he had received in property or profits, and the amount of the surplus remaining after the payment of the partnership debts; and if by the terms of the partnership the partners were to be equal in the capital stock and in the profits and losses, any balance remaining unpaid of the capital stock should have been deducted from the amount received by such partner, and the partners who had received more than their share should pay to the other partners such sums as would make them equal.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings.

*L. Wallace* and *Rogers & Brown*, for appellant.

*C. H. McCarty*, *N. F. Malott*, and *T. R. Cobb*, for appellees.