CRAIG V. CHANDLER ET AL.

6  543
23  164

1. Under the ancient equity practice, where one sued for an accounting, it was necessary to offer in his bill to do equity by an averment of his willingness to pay any balance that might be found owing from him to the defendant. But a bill is not defective where such averment is omitted.

2. Where an action is brought in equity for an accounting between partners, the offer of the complainant, as well as the willingness of

the other partners, to do equity should be presumed in the absence of special averments to that effect in the pleadings; and courts have recognized an exception to the general rule by giving judgment for a balance found due from complainant to defendant, even though no cross-bill had been filed.

3. In taking an account on a bill filed by one partner against his copartners, the decree should settle the partnership concerns between all the individual partners as if each was a plaintiff in a bill against his copartners. The whole should be adjudicated; not only the claims of the plaintiff against the defendants, but also the claims of the defendants between themselves.

4. The statute (R. S. sec. 2, ch. 44) allowed the recovery of interest, when there was no agreement therefor, at the rate of ten per cent. per annum on money withheld by any unreasonable and vexatious delay.

5. In equity an absolute conveyance of real or personal property from the husband directly to the wife is good and sufficient, so far as the form is concerned, to divest the husband of such property and vest it in the wife, as against all persons except the creditors of the husband, especially where the transfer is fairly made upon a meritorious and valuable consideration.

*Error to District Court of Arapahoe County.*

THE bill of complaint filed by Chandler in this suit alleged a copartnership agreement, entered into in April, 1867, between Craig, the plaintiff in error, Chandler and H. L. Thayer, in the saw-mill business; that Craig was to put $6,000 into the business; Thayer and Chandler each $3,000. Craig to have half, and Chandler and Thayer each one quarter of the profits. Partnership to continue five years. Chandler and Thayer to have $1,200 each a year for their time. Craig to pay a note in St. Louis of $3,100 for the mill, and furnish the timber. Chandler and Thayer to pay their share in goods and provisions as needed.

That on the 9th July, 1867, Chandler sold to Robert B. Willis all his interest in the partnership; that on 1st December, 1867, Thayer sold his interest to his wife, Julia P. Thayer; that business was continued by the new firm from July, 1867, and then by second new firm until Feb-

ruary, 1868, when Willis sold back his interest to Chandler. That Craig furnished only $3,600, and did not furnish teams and timber as required. That partnership business continued until February 28, 1868, and was then dissolved by consent. That Craig received a large part of the money from sale of shingles and lumber; that the mill was sold for $6,000; that Craig received $5,000 of it; that no settlement had been had of the partnership business; that H. L. and Julia P. Thayer refused to join the plaintiff Chandler in the suit, and for that reason were made defendants in the bill; charges that Craig received $6,000 more than his share, a large portion of which belongs to Chandler.

Prays dissolution; that all the defendants, Craig, Willis, Thomas L. and Julia P. Thayer, pay to the complainant Chandler what will be due him out of the assets and profits of the business.

Answer of H. L. and Julia P. Thayer admits all material averments of the bill; admits that H. L. Thayer collected some money from lumber and shingles, but cannot state the amount, not to exceed $300; that on the 22d of February, 1868, the firm of Julia P. Thayer, William Craig and the complainant sold the partnership mill for about $6,000, and they believe Craig received about $5,000 at the sale; and deny that they have been unwilling or refused to settle with complainant; admit that they refused to join the complainant Chandler in his bill of complaint, as in said bill alleged; that on an accounting a large sum would be found due Julia P. Thayer, etc.

Answer of Craig admits formation of partnership and conditions as to $12,000 stock, as stated in the partnership agreement exhibited with bill. That Chandler paid in a part of his stock only, and Thayer none. Denies that Willis was ever admitted into the partnership by consent. Denies sale of interest from H. L. to Julia P. Thayer. Avers paying St. Louis note of $3,100, and furnishing teams and timber land and $3,000 more than his

share of partnership capital; admits receiving $3,000 from
sale of mill, but avers that he paid it all out to employees
and for other debts; that Chandler and Thayer received
large sums for which they have not accounted; that
Chandler and Thayer did not give their personal atten-
tion, as they agreed to, and thereby damages ensued;
denies that he had received more than his proportion of
the profits and assets; alleges that there was due him
(Craig) out of the assets and profits of the firm about
$8,000, and prays to be dismissed with his costs.

The bill was taken as confessed against Willis.

Replication was filed by Chandler, and the cause re-
ferred to a master to take proof.. Upon the coming in of
the master's report a decree was rendered in favor of
Chandler for the recovery of $2,681.33; also that Julia
P. Thayer recover the sum of $2,978.48; also that Craig
"had unreasonably and vexatiously withheld from the
complainant, Chandler, and the defendant, Thayer, said
sums of money, and ordered that they recover from said
Craig interest on said sums from the 1st day of June,
A. D. 1870."

Messrs. SYMES and DECKER, for plaintiff in error.

Mr. G. B. REED and Mr. E. H. POWERS, for defendants
in error.

HELM, J.   This action was brought and determined in
the court below prior to the adoption of our present sys-
tem of civil procedure.   Our consideration thereof must,
therefore, be had under the rules of pleading and practice
as they then existed.

There is no doubt but under that practice the general
rule was that a defendant in equity could not obtain affirm-
ative relief against the complainant except upon a cross-
bill containing the necessary averments.   There may be
doubt as to whether a defendant might not have obtained
such relief against a co-defendant without a cross-bill.

But we are not called upon to decide this question, except in connection with the settlement of partnership accounts.

Under the ancient equity practice, where one sued for an accounting, it was necessary to offer in his bill to do equity by an averment of his willingness to pay any balance that might be found owing from him to the defendant. But such averment has for many years been presumed, and the bill is not defective if the same is omitted therefrom. *Columbian Government v. Rothschild,* 1 Sumn. 94.

Where an action is brought in equity for an accounting between partners, certainly the offer of complainant, as well as the willingness of the other partners, to do equity should be presumed in the absence of special averments to that effect in the pleadings. And the courts have recognized an exception to the general rule by giving judgment for a balance found due from complainant to defendant, even though no cross-bill were filed seeking the same; the decree for such balance is said to be granted "upon the plaintiff's bill." *Raymond v. Came,* 45 N. H. 201; *Scott v. Pinkerton,* 3 Edwards' Ch. 74; *Grove v. Fresh,* 9 Gill & J. 280; *Wells v. Strange,* 5 Ga. 22.

And "where a proper case is made out by evidence arising from pleadings and proofs between plaintiffs and defendants, a court of equity is not only entitled to make a decree between the defendants, but is bound to do so." Story's Eq. Pl. § 392*a.*

Under the foregoing proposition the "case made out" is by "evidence arising from *pleadings and proofs between plaintiffs and defendants;*" a cross-bill between defendants is not included in the pleadings required.

The above rule stated in Story, whether correct as to other cases or not, ought in reason to govern in the accounting between partners; and it has been held so to do.

"In taking an account on a bill filed by one partner against his copartners, * * * the decree should settle

the partnership concerns between all the individual partners *as if each was a plaintiff in a bill against his co-partners.* The whole should be adjudicated; not only the claims of the plaintiff against defendants, but also the claims of the defendants between themselves." 2 Daniells' Ch. Pl. and Pr. 1249.

In this case defendant in error, Julia P. Thayer, alleged in her answer that there was a balance due her from her co-defendant, Craig, and prayed a decree therefor. We think the relief was properly granted, though she filed no pleading entitled a cross-bill against Craig demanding the same.

Error is assigned to the action of the court in allowing interest upon the amounts found due from Craig to the defendants in error. Sec. 2, ch. 44, Revised Statutes of Colorado, allowed the recovery of interest, when there was no agreement therefor, at the rate of ten per cent. per annum, "on money withheld by any unreasonable and vexatious delay." The court in the decree found that Craig had "unreasonably and vexatiously withheld" from defendants in error the sums of money therein declared to be due them. The statute authorized the allowance of interest under certain circumstances; the court found those circumstances to exist in this case; and we are not disposed to say that the evidence fails to sustain the finding.

The pleadings and evidence show that defendant in error, Julia P. Thayer, acquired her interest in the partnership property and business by purchase from H. L. Thayer, her husband. It is claimed that this purchase or attempted purchase was void, and passed to her no interest in the property. That under the law as it then existed in Colorado, the husband could not make a valid contract with his wife, and thus transfer to her the title or ownership of property.

Whether the position of counsel be correct, had the question arisen in an action at law, we need not deter-

mine. This is an action in equity, and the common law rule was long ago relaxed in courts of equity. It is said that, "though void at law, an absolute conveyance of real or personal property from the husband directly to his wife is good in equity, and sufficient, so far as the form is concerned, to divest the husband of such property and to vest the same in the wife, as against all persons save the creditors of the husband, especially when the transfer is fairly made upon a meritorious or valuable consideration." *Putnam v. Bicknell et al.* 18 Wis. 351, and cases there cited; *Deming v. Williams*, 26 Conn. 225, and cases cited; *Tennison v. Tennison et al.* 46 Mo. 77; *Livingston v. Livingston*, 2 Johns. Ch. 537.

No fraud or want of consideration in connection with the sale to Julia P. Thayer is alleged or proven, and no creditors of her husband are complaining in this action.

We do not think the statutes of 1861, referred to, abrogate the foregoing doctrine prevailing in equity. The case of *Holladay v. Daily*, 1 Col. 460, is an action of ejectment, and would not, if it held for the purposes of that action, as counsel contend, in any way conclude us in deciding the question under consideration.

There were three different transfers of partnership interests at as many different times; but after each transfer the business continued precisely as before. No objection or protest was made by plaintiff in error, or by any other person; the mill was operated, lumber was sawed and marketed, and the business carried on with his knowledge and consent, as though no such transfers had been made; plaintiff in error received from the business, according to the decree, upwards of $5,500 more than his share of the proceeds belonging to the firm. This conduct implies consent on his part to the creation of a new partnership or continuance of the old one under the old name, after each transfer; it amounts to a ratification by him of all the acts done in the transaction of the business

during the various changes in the partnership above mentioned.

He cannot be heard in a court of equity to deny his liability to defendants in error on the ground that no partnership existed between them and himself.

The judgment of the district court must be affirmed.

*Affirmed.*

Mr. Justice STONE, having been of counsel, did not sit in this case.