ALONZO TYLER *vs.* WILMAN BOYCE & another.

Berkshire.    Sept. 11. — Oct. 19, 1883.    FIELD & W. ALLEN, JJ., absent.

The owner of land devised it to his widow.  The executor of his estate, under a
license from the Probate Court, sold the land to B., and took in payment prom-
issory notes payable to himself personally, and secured by a mortgage on the
land.  The widow died indebted to B.  The executor of her husband's estate
was appointed executor of her estate, and, after the notes were overdue, as-
signed them with the mortgage to A.  No demand was made by B. upon the
executor for the payment of the debt due him from the widow, within two
years after the appointment of the executor.  *Held*, on a writ of entry to fore-
close the mortgage, brought by A. against B., that B. was not entitled to set off
against the notes the amount due him from the widow.

WRIT OF ENTRY to foreclose a mortgage of land in Lanes-
borough, made by the tenants, who were husband and wife, to
Jedediah W. Newton.  Plea, *nul disseisin*, with the specifica-
tion of defence that the mortgage had been paid and extin-
guished.  Trial in the Superior Court, before *Bacon*, J., who
reported the case for the determination of this court, in sub-
stance as follows:

No question was made as to the validity of the mortgage.
The demandant filed a motion for conditional judgment; and it
appeared in evidence that one Oliver Jewett owned the de-
manded premises at the time of his death, in 1873.  He left
a will by which he gave all his estate, real and personal, to
his wife Rachel, and appointed Newton his executor, who ac-
cepted said trust, and, under an order of the Probate Court,
sold the demanded premises to Wilman Boyce, one of the ten-
ants, and took therefor his promissory notes for $625, secured
by a mortgage of the land.  Newton always held said notes and
mortgage as the property of the estate of Oliver Jewett, al-
though he took the same in his individual name; and, after the
death of Rachel Jewett, who died testate on October 7, 1879,
Newton, who was duly appointed her executor, included said
mortgage and notes in the inventory of her estate.

For some time prior to her death, Rachel boarded with Wil-
man Boyce, and a settlement between him and Newton, acting
for Rachel, was made on November 16, 1878, by which the in-
terest on the notes was all paid to July 1, 1878, and the board

of Rachel was paid to November 29, 1878. From the last-named date until the time of her death Rachel was boarded, cared for, and nursed by Wilman Boyce, and was buried from his residence.

After her death, and during the first two years of his executorship, Newton made efforts to settle with Wilman Boyce for such board, care, and nursing of Rachel, but no settlement was made, nor did said Boyce ever commence an action against him as executor. There was no stipulation in the agreement with Boyce, by which he undertook to board, care for, and nurse Rachel, as to the manner of payment therefor; and the evidence did not disclose any agreement to apply the amount due for such board, care, and nursing to the payment of the notes and mortgage.

Newton, after two years had elapsed from the date of his appointment and giving bond, by order of the Probate Court, sold and assigned the notes and mortgage to the demandant on June 27, 1882, for the purpose of closing the settlement of Rachel's estate. The notes were at that date all overdue.

The demandant asked the judge to rule as follows: "1. Wilman Boyce's neglect to commence and prosecute a suit against Rachel Jewett's executor within the first two years of his executorship, deprived him of the right to set up his claim in this action as a set-off to the amount due upon the mortgage. 2. The claim, under the evidence, cannot, in law, be considered a payment for any sum upon the mortgage. 3. The claim should not, under any consideration of the evidence, be allowed in any manner to diminish the amount due on the mortgage."

The judge gave the second instruction as requested; declined to give the others; and ruled that said claim for board, care, and nursing was of such a nature as to be allowed in this action; and submitted the following question to the jury: "What sum was justly due to Wilman Boyce for the board, care, and nursing, and the funeral expenses of Rachel Jewett, from the date of the settlement to her death and burial?"

The jury returned the following verdict: "The jury find due Wilman Boyce for board, nursing, and care of Rachel Jewett, to the time of her death and burial, the sum of four hundred and sixty-eight dollars."

The demandant contended that said sum of $468 was due at the time of rendering the verdict, and asked the judge so to rule. The judge declined so to rule, and ruled that it was due at the date of Rachel's death, October 7, 1879, ordered that said sum be deducted from the amount due on the mortgage and notes at that date, and the balance remaining due and unpaid to be a new principal on which interest should be computed to the date of the verdict, and that the sum of $11.44 paid for taxes on the demanded premises by the demandant be added; ordered conditional judgment accordingly; and at the request of the parties reported the case for the determination of this court.

If the judge erred in ruling that the amount due Wilman Boyce should be deducted from the amount due on the mortgage, conditional judgment was to be entered for the principal due on the notes, $625, with interest to date of said judgment; otherwise, conditional judgment was to be entered for such sum as the court might determine.

*A. J. Waterman*, for the demandant.

*T. P. Pingree*, for the tenants.

HOLMES, J. It would seem from the fact that the mortgage notes were the proceeds of land devised to Rachel Jewett and sold by Newton, the payee, that Newton must always have held them subject to a trust in Rachel's favor, and therefore subject from the beginning to a set-off of Rachel's debt to the maker, according to the Massachusetts statutes and decisions. Pub. Sts. *c.* 168, § 11. *Sargent* v. *Southgate*, 5 Pick. 312. *Ranger* v. *Cary*, 1 Met. 369. And, however this may be, we are content to assume, for the purposes of this case, that, as the notes were overdue when assigned by Newton to the demandant, the tenants may avail themselves of any set-off which would then have been good against Newton as Rachel Jewett's executor, in which capacity Newton last held and assigned them, although he originally took them in a different one. *Bond* v. *Fitzpatrick*, 4 Gray, 89. *Baxter* v. *Little*, 6 Met. 7.

But, even upon this assumption, we think that the demandant is entitled to the whole amount of the notes. The tenants' claim for Rachel Jewett's board could not have been set off against her executor if he had sued upon the notes instead of assigning them, because the tenants' claim was already barred

by the two years' statute of limitations. The statutes expressly recognize the validity of that defence to a claim in set-off, provided only that the time has run before the suit is brought. Pub. Sts. *c.* 168, §§ 17, 18. *Colt* v. *Cone,* 107 Mass. 285, 288. The cases as to set-off against an insolvent estate do not apply.

As the only ground on which the tenants could set off the debt due from Rachel, even if not barred, in a suit by the demandant, must be that the action stands on the same footing as if brought by her executor, the tenants must take the burden of that position with the benefit. They cannot have the set-off as if the executor were plaintiff, and avoid the defences because the executor is not plaintiff.

The view argued for by the tenants regards the law which allows debts to be set off as if it brought them into an account current with debts on the other side, so that the several items extinguished each other *pro tanto* as fast as they accrued. But this is not the effect of the statute, and it expressly appears that there was no agreement to that effect. The statute simply gives a defendant leave, if he chooses, to consolidate his independent action with that of the plaintiff, subject to substantially the same defences as if it had been brought separately.

*Judgment conditional upon the tenants paying $625, with interest to date of judgment.*