# CHARLESTON.

## HYRE *et al. v.* LAMBERT.

Submitted June 6, 1892.—Decided November 19, 1892.

1. BILL IN CHANCERY.

In a bill in equity the plaintiff should distinctly allege the facts constituting his claim to relief, and, where they are stated to be on information, he should allege that he believes them to be true.

2. PARTNERS AND PARTNERSHIP—COMMISSIONER IN CHANCERY—ACCOUNTS.

In a suit in equity for an account, brought by one partner against the other after the termination of the partnership, both partners, defendant as well as plaintiff, are regarded as actors, and the accounts must be stated by the commissioner, and the rights of the several partners must be finally passed on by the court as if each partner were a plaintiff filing a bill against his copartner.

3. PARTNERS AND PARTNERSHIP—DECREE.

In a suit between partners for a settlement it is error to give a final decree for one partner against another for the payment of money when it appears that debts due from the firm remain unpaid or unprovided for, unless the plaintiff will deduct the amount of such debts from the sum which he seeks to recover, or unless some good reason be shown for a departure from the general rule.

4. PARTNERS AND PARTNERSHIP—ASSETS.

The assets of a firm are to be applied in the following order: First, in payment of the debts and liabilities of the firm to persons who are not partners; second, in payment to each partner ratably of what is due from the firm to him for advances, as distinguished from capital; third, in payment to each partner ratably of what is due from the firm to him in respect of capital; fourth, the ultimate residue, if any, is divisible among the partners in the proportion in which profits are divisible under the partnership contract.

5. PARTNERS AND PARTNERSHIP—COMPENSATION—SALARY—COMMISSION.

Under ordinary circumstances, and in the absence of an agreement to that effect, one partner can not charge his copartners with any sum for compensation, whether in the shape of salary, commission or otherwise, on account of his own trouble in con-

ducting the partnership business; and in this respect a managing or acting partner is in no different position from any other partner.

*W. B. Maxwell* for appellants cited 17 Gratt. 503; 2 Lind. Part. 513.

*Dayton & Dayton* for appellee cited 30 W. Va. 780; 28 W. Va. 378; 26 W. Va. 710; 21 W. Va. 698.

HOLT, JUDGE:

This is a suit in equity in the Circuit Court of Tucker county, brought on March 21, 1887, by Rebecca A. Hyre and James H. Hyre, her husband, against James H. Lambert, to settle a partnership which had been carried on by Rebecca A. Hyre, the wife, and defendant, Lambert, from June, 1884, to 15th August, 1885, when it was dissolved by Mrs. Hyre selling her interest to Jesse H. Fansler. On 12th May, 1887, the cause was heard on bill, answer, general replications, exhibits, and argument of counsel, and referred to Commissioner Adams to take proof, and settle the partnership accounts remaining unsettled between the plaintiff Rebecca A. Hyre and the defendant, and report to court the balance, if any, found due from one partner to the other, together with any other matter deemed pertinent by himself, or required to be specially stated by the parties. On 14th April, 1888, the commissioner returned his report, showing a balance due plaintiff Mrs. Hyre of two hundred and ninety nine dollars and seventy six cents. To this report defendant excepted, and the court, without passing upon the exceptions, on 16th May, 1888, recommitted the cause to Commissioner Adams, with directions that he hear proof of and settle the partnership accounts between plaintiff and defendant, including their mercantile partnership, and report the same to court. On the 5th day of August, 1889, the commissioner returned his second report, to which plaintiff excepted, and also tendered and asked leave to file an amended bill. The cause was finally heard on 12th March, 1890. The court refused to permit the amended bill to be filed; overruled plaintiff's exceptions to the commissioner's report; con-

firmed the same decreeing that plaintiff Rebecca A. Hyre, as a married woman, is indebted to defendant, Lambert, in the sum of four hundred and forty six dollars and forty six cents, with interest from 25th July, 1889, till paid, and costs of suit, "which said sum, together with the costs of this suit, he will be entitled to recover of and from the said Rebecca A. Hyre, a married woman, in any proper suit instituted for the purpose, and which said sum and costs are a lien upon her separate personal estate, and a charge upon the rents, issues, and profits of her separate real estate, if any such real or personal estate she has." From this decree the plaintiff has obtained this appeal.

The first error assigned is that the court refused to permit the plaintiffs to file their amended bill. This involves a question of equity pleading. It is a bill for an account, filed by one partner against the other after the termination of a partnership; therefore both partners, defendant as well as plaintiff, are regarded as actors, and the accounts must be stated by the commissioner, and the rights of the several parties must be finally passed upon by the court, as if each partner was a plaintiff filing a bill against his copartner; and it is usual for the plaintiff to formally and expressly submit himself to a decree for any balance that may be found against him, but such formality is not necessary, and was not used in this case.

The bill can not be amended so as to make an entirely new case, either as to parties or ground of suit. See *Pickens* v. *Knisely*, 29 W. Va. 1 (11 S. E. Rep. 932). Neither could this be properly called an "amended bill." It is a mere statement that plaintiffs had in their bill stated a fact as they understood it, but that defendant has by a great preponderance of evidence established such fact to be otherwise, "and the plaintiffs now, by this amendment, desire to accept the version of said partnership as proven by the defendant, and consent and agree that said partnership was wholly settled except as to said lumber, timber, and saw-log part thereof, as proven by said defendant." If such fact has been clearly proven by defendant, he does not need plaintiffs' admission of it; and, if plaintiffs desire to admit it, it can be done without an amended bill; and if they can

amend and desire to amend their bill in that particular, they must do so by express allegation of the fact, one way or the other, or if, as at present, better advised and informed, allege that they now believe it to be true. The filing of such amended bill was therefore properly refused.

The facts, as we are to take them for the purposes of this appeal, as they appear in the pleadings, proofs and commissioner's report, are as follows:

Some time in June, 1884, plaintiff Rebecca A. Hyre, wife of plaintiff James H. Hyre, formed a partnership with defendant, James H. Lambert, for the purpose of carrying on a general retail mercantile business near Red Creek, Tucker county, W. Va., including the buying, sawing, and selling of lumber. A stock of goods costing about one thousand five hundred dollars was bought and paid for by defendant, Lambert. Plaintiff, the wife, through her husband, paid Lambert her half of the costs of the goods, and the partners were to share equally the profit and loss. Defendant, Lambert, was the acting partner. In February, 1885, the partners made a settlement of their private or personal accounts in the store, in which it was ascertained that plaintiff owed the store about two hundred dollars and defendant, Lambert, about six hundred dollars. These two accounts were adjusted, leaving two hundred dollars coming to plaintiff. On the 15th day of August, 1885, plaintiff Rebecca (in contemplation of a sale of her interest in the stock of goods to one Jesse H. Fansler) and her partner, Lambert, made and signed the following paper:

"August 15, 1885. James H. Lambert and Rebecca A. Hyre have this day settled in full all of our individual accounts up to this day and date, leaving a balance due to Rebecca A. Hyre of sixty four dollars and eighty three cents which is the amount of her entire account over and above J. H. Lambert's amount."

One controversy was whether the two hundred dollars found due Mrs. Hyre in the February settlement was taken into this August settlement; Mrs. Hyre claiming in her bill that it was not included, but that both sums were due her; Lambert claiming that the two hundred dollars were included, and that only the sixty four dollars and eighty three

cents were due. The commissioner in his second report—
the one complained of—gives Mrs. Hyre credit for both
sums.

About the 15th of August, 1885, Mrs. Hyre sold her in-
terest in the stock of goods on hand in the storehouse and
mill to Jesse H. Fansler, and Fansler, with defendant,
Lambert, as his surety, executed to Mrs. Hyre his two ob-
ligations for three hundred and forty eight dollars paya-
ble respectively on the 1st day of March, 1886, and 1st day
of March, 1887, for the balance. The notes and accounts
due the firm, amounting to about two thousand three hun-
dred dollars, as charged in the bill, were turned over to de-
fendant, Lambert, to settle, collect, and pay the firm debts,
and the balance divide equally between himself and Mrs.
Hyre, the plaintiff.

In his first report, Commissioner Adams treated the mer-
cantile and milling partnership as fully settled on the 15th
day of August, 1885; but he regarded the partnership in
the saw-log business as not settled. On this basis he made
up his account, charging Lambert for money received on
sale of partnership lumber with one thousand, one hundred
and twenty four dollars, crediting him with money paid
out on partnership debts on account of lumber, six hundred
and fifty four dollars and thirteen cents leaving a balance
in Lambert's hands of four hundred and sixty nine dollars
and eighty seven cents; and reported as due Mrs. Hyre,
one half, viz., two hundred and thirty four dollars and
ninety three cents, and the amount due on August settle-
ment, sixty four dollars and eighty three cents ; making a
total due Mrs. Hyre of two hundred and ninety nine dollars
and seventy six cents. This, plaintiff claims, is the true
statement of the account.

This report was excepted to by defendant, Lambert, be-
cause it failed to charge him with all collections made by
him upon the notes and accounts of the firm which went in-
to his hands after the dissolution, and failed to credit him
with all the money paid by him upon the firm debts, as
shown by proof taken and filed with the commissioner's re-
port. The report was recommitted to Commissioner Ad-
ams to hear proof of and settle the partnership accounts be-

tween the plaintiff and defendant, including their mercantile partnership. In this there was certainly no error, according to the claims and pretensions of both plaintiff and defendant in both bill and answer.

Plaintiff claimed in her bill that notes and accounts amounting to something near two thousand three hundred dollars went into the hands of defendant, Lambert, to be collected, and proceeds applied, first, in payment of firm debts, and residue, if any, to be equally divided; that Lambert was indebted to her in said sum of two hundred dollars on account of the February settlement, and about the sum of nine hundred dollars on account of her share of the notes and accounts placed in his hands in excess of the indebtedness of the firm, subject only to a credit by one half of the uncollectible notes and accounts. Whereas defendant, Lambert, claimed in his answer that there came into his hands for collection, of notes, bonds and accounts belonging to the firm of Lambert & Hyre, only about one thousand seven hundred dollars;—that of this sum at least five hundred dollars or six hundred dollars had not been collected, three hundred dollars or more of which were insolvent, and not collectible;—that the firm-debts amounted to two thousand dollars or more;—that he had paid about one thousand two hundred dollars or one thousand four hundred dollars thereof, and that suits had been brought and judgments had been recovered against him for certain other firm-debts, amounts not given;—and that upon a final settlement plaintiff would be indebted to him about seven hundred dollars, and that he, as surety, was bound for and would have to pay her the Fansler bond of three hundred and forty eight dollars, due March 1, 1887, which she still held; and he prayed that she might be restrained from collecting said note until the matters between them were settled.

It is impossible to discuss the commissioner's report No. 2 intelligently without setting it out, and, as it is short, I here give it in full:

"Commissioner's Report No. 2.    To the Circuit Court of Tucker County, West Virginia:    In obedience to a decree of said court, rendered on the 16th day of May, 1888, the

above named cause was recommitted to the undersigned commissioner, who was thereby directed to hear proof of, and settle the partnership accounts between the plaintiffs and defendants, including their mercantile partnership, and report the same to the court. Your commissioner aforesaid therefore respectively reports to the court that, having first caused personal service of the notice of the time and place of executing said reference to be made upon all the parties to said suit, he proceeded at his office in the town of St. George, county and State aforesaid, on Monday, the 23d day of July, 1888, to execute the said reference, but, having been unable to fully execute the same on that day, the proceedings were adjourned and continued from time to time until this day, to wit, Thursday, the 25th day of July, 1889, on which last-named day I proceeded at my said office to fully settle said partnership accounts, and find the same to be as follows: That the defendant, James H. Lambert, collected and disbursed of the partnership funds as follows:

| | |
|---|---:|
| Amount collected on the Red Creek and Dry Forks lumber contracts from the Huling Lumber Company, as shown by the depo. of said Lambert.................................. ........ | $1,124 00 |
| Amount of store accounts collected by said Lambert........... | 471 73 |
| Amount of interest collected on said store account, as per depo. of said Lambert................. ................................. | 6 00 |
| Total partnership funds collected by said Lambert..... .. ..... | 1,401 73 |
| Amount of firm's debts paid by said Lambert for partnership funds...............................:..................................... | 529 51 |
| Balance of partnership funds in the hands of said Lambert, | 872 22 |
| Amount of firm's debts paid by said Lambert out of his own private funds................. ... ........ ......... ..................... | 2,311 74 |
| Amount left standing of unpaid firm's debts........................ | 1,439 52 |
| One half of which last named sum is chargeable to the plaintiff R. A. Hyre.............................................................. | $719 76 |
| Also *pro rata* share for the services of the defendant, James H. Lambert.................................................. ................ | 50 00 |
| Total amount due from Hyre to Lambert............................. | 769 76 |

Upon which last named sum there should be allowed to said Hyre the following credits, to wit:

Balance due at the Fedruary 1885, settlement......... $200 00
Balance due at the Aug. 1885, settlement............... 64 83

| | | | |
|---|---|---|---|
| Price on Mrs. Hyre's cow, sold to Elbon on carpenter work...... ... ........................................... | 35 00 | | |
| Amount of one half collectible store accounts......... | 23 47 | | |
| Total amounts of said credits ........................... | | $ | 323 30 |
| Balance due from Hyre to Lambert............ ....................... | | $ | 446 46 |

"Note. As to the proof regarding the said balance of two hundred dollars found due Hyre at the February settlement, 1885, see deposition of the plaintiff Mrs. Hyre, filed Nov. 16, 1887, and James H. Hyre, depo., filed with Commissioner Adams's former report, page 26; also a depo. of J. G. Flanagan, filed with same report, pages 45 and 48. On the part of said Lambert, see his own deposition, filed with said report, page 73; also deposition of James H. Lambert, filed with said report, pages 55 and 59; and the deposition of H. Lee Nester, filed April 4th, 1888. ADAMS Commissioner.

"All of which is respectfully submitted to the court this 25th day of July, 1889. JNO. J. ADAMS, Commissioner."

Plaintiffs' exceptions to said report No. 2 of Commissioner Adams:

"Exceptions to commissioner's report: The plaintiffs, by counsel, except to the within report: (1) Because contrary to evidence before commissioner, and returned by him, and filed with his original report. (2) Because the court should not have required, and the commissioner should not have settled, the store partnership accounts; it being clearly proven by a great preponderance of evidence that the same were settled by the parties at the August, 1885, settlement. (See deposition of Jas. H. Lambert, pp. 6, 7, 56, 73, 80; see deposition of Jas. H. Lambert, pp. 85, 87; see deposition of J. H. Hyre, p. 26; see deposition of J. G. Flanagan, p. 4; see deposition of H. Lee Nester, on Sept. dep. p. 4, filed April 4th, 1888.) And as against this evidence of three parties, plaintiffs only have the evidence of Jas. H. Hyre and J. G. Flanagan. (3) Because, if defendant's position is to prevail, he is only charged with two hundred and seventy one dollars, six dollars and twenty three dollars and forty seven cents—three hundred dollars and forty seven cents—and of a total of store accounts of two

thousand, two hundred and fifty dollars. (See Hyre's deposition, p. 27; deposition of J. H. Flanagan, p. 45.) The evidence of these witnesses is not contradicted by the defendant, and therefore plaintiffs insist that the commissioner erred in not allowing plaintiff credit with this amount. (4) From all the evidence in the case it seems clear that the first report of Commissioner Adams is as near right as it can be gotten, and this report should be rejected, as plaintiffs insist. W. B. MAXWELL, Plffs.' Att'y."

The *first* thing that strikes us in this summing up of the commissioner is the fact, that it does not contain the amount of the notes, bonds and accounts of the firm of Lambert & Hyre, which, on dissolution of the firm on 15th August, 1885, were turned over to defendant, Lambert, to settle, collect, pay firm debts and distribute residue, if any. Plaintiffs claim that said notes, bonds and accounts amounted to about two thousand three hundred dollars (proved $2,250.) *Second.* It does contain total partnership funds collected by said Lambert, amounting to one thousand four hundred and one dollars and seventy three cents. *Third.* It does not give the amount uncollected; and, *fourth,* of these it does not give the solvent and insolvent or uncollectible claims. Lambert in his evidence, says these would not be worth more than two hundred dollars. It further states that Lambert had, out of moneys collected paid on the firm debts, five hundred and twenty nine dollars and fifty one cents, and out of his private funds two thousand, three hundred and eleven dollars and seventy four cents, leaving in the hands of Lambert of partnership funds collected the sum of eight hundred and seventy two dollars and twenty two cents, and leaving outstanding unpaid firm debts, one thousand, four hundred and thirty nine dollars and fifty two cents.

The doctrine is well settled that in such a suit between partners for a settlement no final decree can be made while debts due from the firm remain unadjusted, unless the plaintiff will deduct the amount of such debts from the sum which they seek to recover. *Tyng* v. *Thayer,* 8 Allen, 391; *Brinley* v. *Kupfer,* 6 Pick. 179. And it is error for the court to decree personally for the money so collected, or

any part thereof, in favor of one partner against the other until payment of the partnership debts is first provided for, unless good reason is shown for a different course. See *Carper. v. Hawkins*, 8 W. Va. 292. The reason of the rule is obvious—the partner decreed against is still liable to the unpaid partnership creditors.

The item of one thousand four hundred and thirty nine dollars and fifty two cents, "amount left standing of unpaid firm debts," is evidently obtained by subtracting eight hundred and seventy two dollars and twenty two cents, balance of partnership funds in hands of Lambert, from two thousand three hundred and eleven dollars and seventy four cents, amount of firm-debts paid by said Lambert. out of his private funds. This would mean that the firm debts amounted in all to two thousand, eight hundred and forty one dollars and twenty five cents; that they had. all been paid by Lambert—five hundred and twenty nine dollars and fifty one cents and eight hundred and seventy two dollars and twenty two cents with partnership funds, and one thousand four hundred and thirty nine dollars and fifty two cents, the balance, out of Lambert's own private. funds. But Lambert, in his answer, says that there are some unpaid debts, and states in his deposition that there are some unpaid firm-debts, but gives no names or amounts, except the "sum of about one hundred dollars on various judgments."

If we take report No. 2 as it seems to show on its face, then the "amount left standing of unpaid firm debts" would seem to be one thousand, four hundred and thirty nine dollars and fifty two cents. If we take it to mean that the partner James H. Lambert, by payment of firm debts out of his private funds to that amount, is on the footing of an ordinary creditor of the firm, then it is error; for the general rule is that the assets of a firm are to be applied in the following manner: (1) In payment of the debts of the firm to persons who are not partners; (2) in payment to each partner ratably what is due from the firm to him for advances, as distinguished from capital put in; (3) in paying each partner ratably what is due from the firm to him in respect of capital; (4) the ultimate residue, if any, is di-

visible among the partners in the proportion in which profits are divisible under the partnership contract. See Pol. Partn. § 63; 1 Lindl. Partn. 826; 2 Bates, Partn. § 811.

In this settlement the commissioner charges the firm with one hundred dollars in favor of Lambert for services in collecting assets, *etc.* The rule of law is that each partner is bound to attend diligently to the business of the partnership, and is not entitled to any remuneration for acting in such business under ordinary circumstances; and, in the absence of an agreement to that effect, one partner can not charge his copartners with any sum for compensation, whether in the shape of salary, commission, or otherwise, on account of his own trouble in conducting the partnership business; and in this respect a managing partner is in no different position from any other partner. 2 Lindl. Partn. top p. 774. This creates hardship, especially in winding up a partnership, and is generally provided for by contract. The evidence in this case tends to show that Lambert was to have for such service what it should, when done, be reasonably worth. But, according to this report, out of say two thousand two hundred and fifty dollars of firm store notes and accounts, Lambert has collected only two hundred and seventy one dollars and seventy three cents, and the rest is now noncollectible, either insolvent or barred by the statute of limitations, and yet he would be allowed to charge the firm more than one third of the amount collected.

Plaintiffs second and main exception to report No. 2 is: "The court should not have required, and the commissioner should not have settled, the store partnership accounts; it being clearly proven by a great preponderance of evidence that the same was settled by the parties at the settlement made August 15, 1885."

I do not regard this view as correct, nor this exception as well taken, for two reasons: (1) Such a construction would mean that Lambert was to pay all the firm store debts, and yet give Mrs. Hyre half the firm store assets, or that he was to take all the firm store notes and accounts and pay all the store debts. These constructions are not only contradicted by the express allegations of plaintiffs'

bill, but also by the evidence on the subject, taken together. (2) The written instrument of settlement itself says, "We have this day settled in full all of our individual accounts up to this day and date," and the evidence tends to show the items of such settlement.

Defendant, Lambert, says in his answer that he owes and is the one to pay Mrs. Hyre the Fansler note of three hundred and forty eight dollars, due 1st March, 1887, which she still holds. If any balance should be found against Mrs. Hyre, I now see no reason why this note should not be taken into the account, but do not wish to be understood as giving anything more than an intimation on the subject.

For the reasons given the cause will have to go back to the commissioner to again settle the partnership accounts, to ascertain and report the assets of the firm : (1) The amount of bonds, notes, and accounts that went into the hands of defendant, Lambert, to settle and collect; (2) what amount he collected, or should have collected ; (3) what amount he has properly paid out ; (4) what amount remains uncollected, and with which he should not be charged ; (5) what amount is insolvent, what barred by the statute of limitations, or otherwise noncollectible; (6) what debts or liabilities, if any, unpaid, remain of the firm to persons who are not partners ; (7) what advances (as distinguished from capital put in) if any, have been made by any partner to or for the firm—together with such other matters specially stated as he may deem pertinent, or any party in interest may require.

I have put it in this form for the sake of brevity, but this is not to trammel the Circuit Court in the slightest degree in giving to the commissioner its own directions in its own form. Decree complained of reversed, and cause remanded.

REVERSED.   REMANDED.