(91 South. 489)

HAMILTON v. TERRY FURNITURE & LOAN CO. (6 Div. 260.)

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 17, 1921.)

1. **Account 17(3)—Filing bill implies items on both sides.**

The filing of a bill for accounting implies items on both sides rendering the balance uncertain and necessary to be ascertained, and that complainant will pay any balance ascertained to be due defendant, and defendant need not file a cross-bill to be allowed his credits or have a proper decree for a sale to enforce his balance due, if his credits exceed complainant's due claims.

2. **Account 17(3)—Where original bill put all rights in issue, demurrer to cross-bill should have been sustained.**

In an action for an accounting, where the original bill put in issue all rights of the parties, and defendant's rights were not necessary to be set up by a cross-bill that presented no relief to which defendant was not entitled, independent of the original bill, a demurrer to the cross-bill should have been sustained.

3. **Costs 42(1)—In accounting, where amount due was tendered by complainant before bill filed, no attorney's fees for preparing cross-bill recoverable.**

In accounting, where the rights of the parties to the original bill were put in issue thereby, and defendant's rights were not necessary to be set up by a cross-bill, that presented no relief to which the defendant was entitled, independent of the original bill, and tender of the full amount due defendant was made by complainant before the filing of the bill, defendant may recover attorney's fees for preparing a defense to the bill for accounting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Frank Hamilton against the Terry Furniture & Loan Company, for an accounting and, upon payment of the amount found due, title to certain real estate be vested in complainant. From a decree denying relief in part, complainant appeals. Reversed and remanded.

Complainant filed his bill stating that he had purchased, of the Bessemer Coal, Iron & Land Company, certain lots in the city of Bessemer, upon which was situated a dwelling house, he buying the same on time and being put in possession thereof: and that he had reduced his payments to the sum of

$825 and was keeping and making his payments thereon regularly; and that he procured the Terry Furniture & Loan Company to take up the interest of the said Bessemer Coal, Iron & Land Company in the property, and, when said furniture and loan company did take it up, it had transferred to it the vendor's contract of the Coal, Iron & Land Company, but that complainant remained in possession of the property and has lived and occupied the same until this date; that when the furniture and loan company, executed its contract or agreement with orator, it made the contract against him, for the sum of $1,050, the sum above $825 to become the interest on said contract and that, after the same had been executed, the furniture and loan company demanded that orator pay as much as $10 per month in addition to the $15 per month stipulated therein, but at no time would respondent, furniture and loan company, give to orator a receipt for the $10, notwithstanding orator made such payments regularly since the execution of said contract.

Orator further avers that he has paid the full and complete purchase price together with the interest thereon, and has in every way complied with his contract and has paid an usurious interest and all installments in full, and has offered and tendered to respondent several hundred dollars above what he owes respondent in his effort to get a deed to the property; but, instead of executing him the deed, respondent had demanded of orator interest in great sums and a sum as a balance on the purchase price of over $400. Then follows an offer to do equity and to pay any sum found due by the court. Respondent answered, setting up that the lots were not purchased by complainant from the Bessemer Coal, Iron & Land Company, but that said lands were leased to Hamilton, upon the conditions that the company would execute to Hamilton a deed to the property upon his complying with certain conditions, named in the lease contract, and the contract is set out as exhibit to the answer. It is further averred that the Bessemer Coal, Iron & Land Company sold and transferred to the Crotwell Bros. Lumber Company said lease contract of Frank Hamilton, together with all the right, title, interest, and claim of the said Frank Hamilton, which was signed and indorsed by Frank Hamilton and his wife, which sale was made to secure a certain indebtedness due to the Crotwell Bros. Lumber Company, in the sum of $479.60, and that Frank Hamilton was due the Bessemer Coal, Iron & Land Company the sum of $478.34, which sum was paid by the Crotwell Bros. Lumber Company. It is averred that this sale and assignment to the said Crotwell Bros. Lumber Company was tantamount to an equitable mortgage or at least an agreement to execute a mortgage and as such enforceable in equity. It is further alleged that, at the instance and request of Frank Hamilton, respondent did agree to pay off and discharge the indebtedness of Frank Hamilton to said Crotwell Bros. Lumber Company and to the Bessemer Coal, Iron & Land Company, all of which sums respondent did pay for said Frank Hamilton, and in addition thereto paid to Frank Hamilton in cash the sum of $92.06, and procured a deed to it from the land company. That all this was done at the instance and request of Frank Hamilton and with the distinct understanding and agreement that Frank Hamilton would repurchase the property from respondent at and for the sum of $1,050, under a conditional sales contract, the same to be paid at the rate of $15 per month, each installment to bear interest from date at 8 per cent. per annum, until paid. This contract is made exhibit B.

The answer also denies that it charges usurious interest and also denies that it refused to give receipts for payment, but says that each payment together with interest paid was entered on a book which was in the possession of Frank Hamilton. It is denied that Frank Hamilton ever made a tender, and it is averred that there still remains due on said contract from Frank Hamilton the sum of $450.84, as interest. The answer is made a cross-bill with the further claim that, under the terms of the conditional sales contract, the failure of Frank Hamilton to make certain payments, which has worked a forfeiture of the contract and it is sought here to declare the forfeiture final, unless Frank Hamilton pays the amount due with interest, together with a reasonable solicitor's fees, within the time to be fixed by the court. Demurrers were filed for the original and cross-bill and the answer to the cross-bill, all of which were overruled, and the court entered a decree finding that the amount due with interest and attorney's fees, from orator to respondent, was $737.93, gave 90 days within which to pay this amount, and, if paid, ordered deed to be executed to Hamilton and, if not paid, that the contract be forfeited and the respondent be put in possession of the property.

Pinkney Scott, of Bessemer, for appellant.

Demurrer to the cross-bill should have been sustained. 205 Ala. 347, 87 South. 186. Counsel discusses the evidence, with the assertion that the final decree was error, but cites no authority in support of his contention.

Estes & Jones, of Bessemer, for appellee.

Counsel discuss the evidence, with the insistence that there was no error; but they cite no authority in support of their contentions.

PER CURIAM. [1] The bill for accounting contained the necessary averments. Julian

v. Woolbert, 202 Ala. 530, 81 South. 32. The filing of such a bill implies that there are items on both sides rendering the balance uncertain and necessary to be ascertained by the court, and that the complaint will pay any balance that is ascertained to be due respondent. To such a bill, a respondent need not file a cross-bill to be allowed his credits, or have a proper decree for a sale to enforce his balance due, if his credits exceed complainant's due claims. This is one of the exceptions to the general rule in equity, that a respondent will be granted affirmative relief only on a proper cross-bill.

[2] The demurrer of complainant, as respondent to the cross-bill, should have been sustained, under many decisions of this court. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; O'Kelley v. Clark, 184 Ala. 391, 63 South. 948; Southern Investment Co. v. Galloway (Ala. Sup.) 90 South. 300;[1] Black v. Woodruff, 193 Ala. 327, 69 South. 97, Ann. Cas. 1918C, 969.

See, also, Seed v. Brown, 180 Ala. 8, 60 South. 98; Masterston's Case, 32 Ala. 437; Alston v. Alston, 34 Ala. 15; Billingsley's Case, 37 Ala. 425; Sims v. McEwen's Adm'r, 27 Ala. 184; Goodwin v. McGehee, 15 Ala. 232; Nelson v. Dunn, 15 Ala. 501; Taunton v. McInnish, 46 Ala. 619; Cotton v. Scott, 97 Ala. 447, 12 South. 65; Langdell, Eq. Pl. §§ 122, 123; Sims, Ch. Pr. § 643. The instant exception to the general rule is supported by "the American and English cases. Craig v. Chandler, 6 Colo. 543, 547; Wells v. Strange, 5 Ga. 22, 28; Smith v. Hazelton, 34 Ind. 481, 486; Goldthwait v. Day, 149 Mass. 185, 187, 21 N. E. 359; Tyler v. Boyce, 135 Mass. 558, 561; Hyre v. Lambert, 37 W. Va. 26, 28, 16 S. E. 446; Grove v. Fresh, 9 Gill & J. (Md.) 280; Raymond v. Carne, 45 N. H. 201; Scott v. Pinkerton, 3 Ed. Ch. N. Y. 70; Downes v. Worch, 28 R. I. 99, 65 Atl. 603, 13 Ann. Cas. 647; 1 Pom. Eq. Jur. (3d Ed.) §§ 386, 388, 393." Grand Bay Land Company v. Simpson, supra, 205 Ala. 350, 87 South. 188.

In Southern Investment Co. v. Galloway, supra (a recent decision), the bill was by a purchaser of land against the seller to enforce specific performance of a contract of sale and to enjoin an action at law to dispossess him. Stating the averment of the bill, the opinion says of the contract that time was made of its essence; that provision for forfeiture of the entire amount, paid in the event of failure of performance on the part of purchaser, was contained therein; that the bill averred performance of purchaser's part of the contract, and, if mistaken in this, she will do as the court directs, being ready, willing, and able to carry out her part of the contract; quotes from Root v. Johnson, 99 Ala. 90, 10 South. 293, to the effect that:

"Forfeitures are not favorites in equity, and unless the penalty is fairly proportionate to the

damage suffered by the breach, relief will be granted when the court can give by way of compensation all that could be reasonably expected" (8 Am. & Eng. Encyc. of Law, 449)

—propounds the inquiry, if there had been a forfeiture, should it be permitted in equity, if the defendant had not been and will not be injured thereby, and the complainant would be, if it will be allowed? and answered saying: "We think not." Discussing tender, it is declared that "respondent has refused to accept the tender of payment * * * under the sale contract," and the relative losses of the respective parties are balanced on the authority of Franklin v. Long, 191 Ala. 310, 313, 68 South. 149; Root v. Johnson, supra; 1 Pom. Eq. Jur. § 450. The several equities of the parties under the contract were discussed and held sufficient, under the bill, for accounting against demurrer, not only to the extent of a statement of the mutual accounts of the parties, but for ascertainment of the right of the vendor to forfeiture, and if so, whether the same would be allowed in equity. This recent decision has special application to the instant bill.

[3] We are of the opinion the legal and equitable rights of the parties to the original bill were put in issue thereby, and that respondent's rights were not necessary to be set up by a cross-bill, that presented no relief to which the cross-complainant (respondent in original bill) was entitled, independent of the original bill. This ruling has a material bearing on the allowance of a reasonable attorney's fee claimed by respondent (complainant in the cross-bill), and allowed its attorneys for filing answer and cross-bill, and the $450.84 testified by Scott to have been offered as payment and refused before the original bill was filed. If the full amount due was refused by the Terry Furniture & Loan Company, it may not thereafter be allowed attorney's fees to prepare its defense to the bill, for accounting (Schillinger v. Leary, 201 Ala. 256, 77 South. 846), and has a material bearing on the taxation of the costs (Manning v. Carter, 201 Ala. 218, 77 South. 744).

The bookkeeper of Crotwell Bros. testified that there was a discount of $140.90 allowed on the materialman's lien, held by Crotwell Bros. If this be true, it enured to the benefit and credit of Frank Hamilton and will be applied to his credit on reference.

The decree of the circuit court, in equity, is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

### On Rehearing.

PER CURIAM. The application for rehearing is overruled.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

[1] Ante, p. 445.