# Root v. Johnson.

*Bill in Equity by Purchaser, for Specific Performance of Executory Contract for Sale of Land.*

1. *Partial payments, with interest.*—Where the contract of purchase provides that the purchaser shall pay "fifteen dollars cash, and balance with interest from date in quarterly instalments of 10 dollars each," the quarterly payments so required are ten dollars net, including interest accrued at date of payment, to be continued until the entire purchase-money, with interest, is paid.

2. *Forfeitures of contract; specific performonce.*—Forfeitures not being favored in equity, relief by specific performance will be granted when the court can give by way of compensation all that could be justly demanded, unless the penalty is fairly proportionate to the damage suffered by the breach.

3. *When actual tender unnecessary.*—When, before tender made, the party to whom money is due declares he will not receive it, or makes any declaration or demand which is equivalent to a refusal to accept the money if tendered, actual tender is dispensed with.

4. *Same.*—In such case, tender in bill for the specific performance of a contract of sale is sufficient.

APPEAL from City Court of Montgomery, sitting in equity. Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on July 19, 1888, by the appellee, J. W. Johnson, against the appellant Isaiah E. Root; and sought to have enforced the specific performance of a contract for the purchase of a certain lot, and also to enjoin the prosecution of an action of ejectment, which had been instituted by the respondent against the complainant to recover the possession of said lot. The agreement of sale, which was in writing, and attached as an exhibit to the bill of complaint, was in words and figures as follows: "Received April 19, '86 of J. W. Johnson fifteen dollars on a\c. of a half acre lot in Neil tract, next south of Elsie Tarver, and extending to west line of tract, or at right angle to the same, which I agree to sell to him for 100 dollars, payable

XCIX.

[Root v. Johnson.]

fifteen dollars cash, and balance with interest from date in quarterly instalments of 10 dollars each, with the condition that if any payment agreed to be made is not made in a year from date agreed to be paid, all payments previous shall be forfeited to me for use of land, and I shall have the right to re-enter and take possession of the land, and this obligation shall be null and void. [Signed] Isaiah E. Root."

The complainant averred in the bill his willingness and readiness to pay, and offered to pay such amount of the purchase-money as might be ascertained to be due. Such other facts as are necessary to a full understanding of the opinion are stated therein.

On the final hearing of the case, on the pleadings and proof, the chancellor granted the relief prayed for in the bill of complaint, and ordered a reference to the register to ascertain the amount of the purchase-money still due the respondent. This decree is here assigned as error by the respondent, who brings the present appeal.

A. A. WILEY, and W. S. THORINGTON,* for the appellant.

JAS. T. HOLTZCLAW, contra.

STONE, C. J.—The bill in this case was filed July 19, 1888. Its object is to enforce specific performance of an executory agreement, whereby Johnson purchased from Root a half-acre lot of ground lying near the city of Montgomery. The written agreement evidencing the sale, as set out in the reporter's statement of facts, bears date April 19, 1886, and was signed by Root, the seller. The price agreed on was $100 ; $15 agreed to be paid, and actually paid at the date of the contract, and the balance to be paid in quarterly instalments of $10, until the whole purchase-money, with interest, should be paid.

It is contended for appellant that the $10 instalments of the purchase-money, agreed to be paid quarterly, were to be supplemented, at each payment, with the then accrued interest on the entire unpaid balance of the purchase-money. This would increase the first payment—July 19, 1886—by three months interest on $85, and require the addition of that interest—$1.70—to the ten dollars then demandable. And it is claimed this was and is the proper rule, until the entire purchase-money should be paid. This is not our interpretation of the contract. Its language is, "fifteen dollars cash, and balance with interest from date in quarterly instalments of 10 dollars." The "interest from

---

* This case was decided before W. S. Thorington was appointed Judge.

date" refers to, and qualifies the "balance" of the purchase-money, and not the "10 dollars" instalments.   We hold that the quarterly payments required under the contract were ten dollars net, and to continue until the purchase-money, with interest, should be paid in full.   Under this interpretation, $10 were due at the end of every three months; the first to mature being July 19, 1886.

The written agreement of sale contains "the condition, that if any payment agreed to be made is not made in a year from date agreed to be paid, all payments previous shall be forfeited to me for use of land, and I shall have the right to re-enter and take possession of the land." Forfeitures are not favorites in equity, and unless the penalty is fairly proportionate to the damage suffered by the breach, relief will be granted when the court can give by way of compensation all that could be reasonably expected. 8 Amer. & Eng. Encyc. of Law, 449.

Johnson, the purchaser, paid $20 in December, 1886. This is admitted by Root.   This paid the installments maturing in July and October of 1886, although not on the days they were demandable.   It is also admitted that he paid $10 in August, 1887.   This was in less than a year after the maturity of the instalment of January 19, 1887.   The next instalment to mature would be April 19, 1887, and if a year after that was permitted to elapse without payment or tender of that instalment, then, according to the letter of the contract, Johnson forfeited his purchase.   Johnson testified that he tendered to Root $10 January 1, 1888, and that Root refused to receive it, claiming that the contract was forfeited. Meriwether testified that he heard Root admit such tender was made.   Root denied that any tender was made; but his testimony, and that of other witnesses tends to show he claimed a forfeiture long before the letter of the contract, under our interpretation, authorized such claim.   The witnesses McDonald and Loveless tend to strengthen Johnson's version, and to weaken that given by Root.   The judge of the City Court, chancellor in this cause, reached the conclusion that the $10 were tendered to Root January 1, 1888, and the testimony does not convince us that he erred.   This tender, as we have shown, was in time to prevent a forfeiture, under the most technical enforcement of the contract.

The law does not exact the observance of a vain ceremony.   The purpose of tender, in a case like the present, is to leave the seller without excuse for a non-compliance with his contract, and to cast on him the fault of its breach. When, before tender made, the party to whom money is due

declares he will not receive it, or makes any declaration or demand which is equivalent to a refusal to accept the money if. tendered, then actual tender is dispensed with.—7 Wait's Act. & Def. 593. It was sufficient, in this case, to tender payment in the bill. This renders it unnecessary that we should pass on the weight or credibility of the conflicting testimony, bearing on the question of the alleged tender made by Johnson of the whole amount due, before instituting this suit.

Affirmed.