# Franklin *v.* Long.

*Injunction.*

(Decided February .4, 1915.  68 South. 149.)

1. *Equity; Jurisdiction; Forfeiture.*—As equity has jurisdiction to relieve against unconscionable forfeiture, it will entertain a bill to enjoin a depositary from delivering a security or a respondent from obtaining possession of it, where it would be unconscionable to deliver it.

2. *Injunction; Dissolution; Answer.*—An injunction will not be dissolved simply because the averments of the bill are denied by the answer, in view of the provisions of section 4535, Code 1907.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by T. L. Long, against B. J. Franklin and a trust company to enjoin the company from surrendering to Franklin certain notes and mortgages, and for an accounting. From an order refusing to dissolve the temporary injunction, the respondent Franklin appeals. Affirmed.

GUNN & POWELL, for appellant.

DAVIS & FITE, for appellee.

GARDNER, J.— (1) This appeal is from a decree of the Walker county law and equity court overruling motion of the respondent (appellant) B. J. Franklin, to dissolve the temporary injunction issued in the cause, for a want of equity in the bill and upon the sworn answer of said respondent. From the contract, a copy of which is made Exhibit A to the bill, it appears that complainant and respondent, B. J. Franklin, agreed upon the sale of a certain mortgage executed to said

Franklin by one Sylvanus Franklin for a total consideration of $1,312.73, payable in installments due at stated times as evidence by 15 notes executed by complainant. Pursuant to the terms of the contract said notes, together with the mortgage of said Sylvanus Franklin, were deposited with the Jasper Trust Company, to be held by it in escrow, to be delivered by said bank to complainant, T. L. Long, upon payment by him of said notes, with interest due thereon, and it was further provided that said bank was thereupon authorized to transfer in the name of said B. J. Franklin the said Sylvanus Franklin mortgage to complainant. It was also stipulated in the contract that in case of a default of 30 days in the payment of any two consecutive notes, then after 10 days' notice in writing had been given by respondent, Franklin, to complainant, a copy of which was to be left with the trust company, the remaining unpaid notes should become due and payable and the notes and the mortgage held by the bank in escrow should be delivered to the said B. J. Franklin.

The bill shows the payment of many of the notes by complainant, but also shows a default and that complainant in the first part of September, 1913, received notice from said Franklin, claiming the 30 days' default in the payment of two of said notes consecutively. It is further alleged that after receiving said notice complainant and respondent, Franklin, agreed upon certain credits to be applied upon the said matured notes, to wit, the sum of $186.85, being an account due by said Franklin to complainant and $29.55, being an amount complainant had paid to Jasper Trust Company, for said Franklin, and $243.25, agreed to be credited by virtue of an agreement of sale to said Franklin of a certain judgment held by complainant against one Waldrop. It is alleged that these credits agreed

upon by the parties were more than sufficient to satisfy the notes for $100 each due in the months of March, April, May, and June, 1913, and that it was then agreed that said Franklin would come to Jasper and have a settlement with complainant, and the balance of the notes which had matured, if any, would then be taken up and the remaining number of said notes would be paid as they matured. It is then averred in the bill: "Complainant further alleges that the said Franklin fraudulently and with intent not to carry out the said agreement, and for the purpose of securing possession of the said mortgage so held by the Jasper Trust Company, in escrow, did, after the making of the said agreement with complainant, wholly fail and refuse to come to Jasper and have the settlement with complainant as he had agreed, and did demand of the said Jasper Trust Company the surrender of the said mortgage to him and also the surrender to him of each and all of the said notes of complainant to said Franklin which are held by said Jasper Trust Company, including those that have been settled and satisfied in full under the agreement hereinabove set forth."

It is averred that said Franklin has demanded the said papers of the said Jasper Trust Company, and said trust company is threatening to turn said papers over to said Franklin and thereby deprive complainant of his right to have the said Sylvanus Franklin mortgage transferred to him. The bill shows a payment into court of the sum complainant insists is now due and a readiness, willingness and ability to pay any other amount the court may ascertain to be due upon any matured notes, as well also as those subsequently maturing as they shall become due. We are of the opinion that the equity of the bill may well be rested upon the juris-

diction of a court of equity to relieve against a forfeiture.

In *Root v. Johnson,* 99 Ala. 90, 10 South. 293, it was said: "Forfeitures are not favorites in equity, and unless the penalty is fairly proportionate to the damage suffered by the breach, relief will be granted when the court can give, by way of compensation, all that could be reasonably expected."

"It is well settled that when the agreement secured is simply one for the payment of money, a forfeiture either of land, chattels, securities, or money, incurred by its nonperformance, will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, on payment of the debt, interest, and costs, if any have accrued, unless by his inequitable conduct he has debarred himself from the remedial right, or unless the remedy is prohibited, under the special circumstances of the case, by some other controlling doctrine of equity."—1 Pom. Eq. Jur., § 450.

And in the succeeding section the same authority says: "Although the agreement is not one measurable by a pecuniary compensation, still, if the party bound by it has been prevented from an exact fulfillment, so that a forfeiture is incurred, by unavoidable accident, by fraud, by surprise, or by ignorance, not willful, a court of equity will interpose and relieve him from the forfeiture so caused, upon his making compensation, if necessary, or doing everything else within his power. Also, in the same class of cases, and upon the same equitable grounds, if there has been a breach of the agreement sufficient to cause a forfeiture, and the party entitled thereto, either expressly or by his conduct, waives it or acquiesces in it, he will be precluded from

enforcing the forfeiture, and equity will aid the defaulting party by relieving against, if necessary."

As bearing also, more or less, upon the subject at hand, see *Attalla Mining & Mfg. Co. v. Winchester*, 102 Ala. 184, 14 South. 565; *O'Bryne v. Jebeles, etc., Co.*, 165 Ala. 183, 51 South. 633; *Root v. Johnson*, 99 Ala. 90, 10 South. 293; 16 Cyc. 79.

In this latter authority cited is found the following: "But the existence of equitable circumstances, such as accident, mistake, or justifiable reliance on the conduct of the other party, may require the granting of relief when it would not be justified under the other circumstances alone."

Any default by complainant, prior to the agreement alleged to have been made in September, 1913, is clearly shown in the bill to have been waived by the respondent, and it is there averred that, after making the agreement heretofore noted, said respondent "fraudulently and with intent not to carry out the said agreement, and for the purpose of securing possession of said mortgage," etc., failed and refused to have the settlement as agreed upon by the parties. After having waived the previous default, and in the light of the alleged inequitable conduct of respondent in respect thereto, clearly he will be precluded from enforcing the forfeiture, which according to the letter of the contract made due all remaining unpaid notes and also redelivery to respondent of the mortgage, the object of the contract, and presents a case for equitable interference in aid of the defautling party by relieving him against the forfeiture.

We conclude that the averments of the bill bring the case within the principle just discussed, and that the bill has equity.

We note that counsel for appellee seem to insist in brief that as the mortgage of Sylvanus Franklin conveyed real estate, the bill could be rested upon the theory of specific performance. This we need not and do not consider, for the reason that the bill, neither in any of its averments nor in the exhibits thereto, discloses that real estate was embraced in the mortgage. This only appears by reference to exhibits to the answer and to the affidavits, which of course cannot be looked to upon considering the equity of the bill.

We do not construe the bill as involving any question of set-off, as insisted by counsel, but by the bill complainant insists he is entitled, according to the agreement of the parties, to certain credits, which matters may be subsequently determined in the progress of the cause, and which are also alleged in connection with the waiver by respondent of any previous default.

(2) It is further urged that the injunction should be dissolved because of the answer denying material averments of the bill. The rule as announced in *Turner v. Stephens,* 106 Ala. 546, 17 South. 706, was not inflexible (*Western Ry. Co. v. Fowl River Co.,* 152 Ala. 320, 44 South. 471), but our statute (section 4535 of the Code), which now permits the introduction of affidavits in all such cases has materially modified the rule. The parties have availed themselves of this rule by introduction of affidavits. These we have carefully considered in connection with the bill and answer, and we conclude that the court below was not in error in retaining the preliminary injunction until the final determination of the cause.

Indeed, if any consideration should be given to the effect upon the respective parties of a continuance or the dissolution of the injunction, it is evident a disso-

lution could result in far greater injury to the complainant than could possibly result to the respondent from a continuance thereof until final determination of the cause. We are of the opinion that the decree of the court below is correct, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.