(77 South. 418)

EVANS FURNITURE CO. v. MEYERS.
(1 Div. 240.)

(Court of Appeals of Alabama. Nov. 20, 1917.)

1. SALES ☞456—CONDITIONAL SALES—DISTINGUISHED FROM LEASE.

A contract examined, and *held*, not a conditional sale, but a lease for a term of months as fixed by the number of payments at an agreed rental, and that upon default the plaintiff would have the right to maintain action in detinue.

2. TENDER ☞16(2) — NECESSITY — EFFECT OF NOTICE OF REFUSAL TO ACCEPT PAYMENTS.

Where there had been a modification lowering the amount of monthly rental under a lease, and if lessor notified lessee that he would not accept such lower installment, the lessee was relieved from making a tender thereof to prevent forfeiture.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action of detinue for the recovery of personal property by the Evans Furniture Company against Julia Meyers. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

McMillan & Grayson, of Mobile, for appellant. Gordon & Edington, of Mobile, for appellee.

SAMFORD, J. This action was in code form claiming certain described furniture as the property of plaintiff. There was plea of the general issue and two special pleas filed upon the theory that the articles had been purchased under a contract of conditional sale and alleging fraud by reason of a misrepresentation as to the kind of material out of which the furniture was manufactured. There were replications to these pleas, to which demurrers were sustained. There was also a suggestion under the statute that defendant had purchased the articles under a contract of conditional sale, and that the amount of the debt be ascertained. The trial proceeded upon the issues thus pleaded. There were demurrers to the pleas, but, in accordance with the view taken by this court, it is not necessary to discuss them.

The plaintiff introduced in evidence three contracts, which are identical except as to description of the property and date of execution, as follows:

"Exhibit A."

"This contract of lease executed between Evans Furniture Company, hereinafter called the lessor, and Miss Julia Meyers, hereinafter called the lessee, witnesseth: That the said lessee has leased in good condition from the lessor the following described personal property which is not to be moved from the place of delivery without written consent of lessor, under penalty of forfeiture of leasehold rights.

| Item | Price |
|---|---|
| 1 Mah. dresser | |
| 1 Mah. W. stand | |
| 1 Mah. D. table | $139.50 |
| 1 " C. table | |
| 1 Brass bed | 50.00 |
| 2 Mah. rockers | 20.00 |
| 3 Mah. chairs | 16.00 |
| 1 Oak dresser | |
| 1 Oak W. stand | 50.00 |
| 1 " C. table | |
| 1 Brass bed | 30.00 |
| 2 L. S. oak rockers | 15.00 |
| 2 Oak C. seat chairs | 7.00 |
| 2 Toilet sets | 19.00 |
| 1 Oak wardrobe | 40.00 |
| 1 Mah. wardrobe | 65.00 |
| 2 No. 47 spgs. | 13.00 |
| 2 Felt matt. | 25.00 |
| 1 No. 414 ref. | 18.00 |
| 1 5 Pc. Mah. par. suite | 45.00 |
| 6 L. S. diners | 21.00 |
| 1 Ex. table | 18.00 |
| 1 Buffet | 37.50 |
| 1 K. table | 2.25 |
| 2 Chairs (L. H.) | 1.00 |
| 1 Art square | 15.00 |
| 1 Art square | 18.00 |
| 1 Art square | 4.50 |
| 7 Pr. L. curtains | 24.50 |
| 2 Pr. feather pillows | 5.00 |
| 2 Pr. portieres red | 12.00 |
| 2 Pr. L. curtains | 5.50 |
| 14 D. G. shades | 10.50 |
| 10½ Yds. red strip | 10.50 |
| 9 C. poles and fix. | 2.25 |
| 2 Pr. portieres red | 12.00 |
| Total | $751.00 |

"The conditions of this lease are as follows: Said property is leased for a term of months. The lessee agrees to pay the lessor for the use of said property the sum of fifty and no/100 dollars cash and thirty-five dollars per month during the term of this lease. Should said lessee make default in the payment of any

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

installment of rent due for the use of said property as above set forth, the lessor or its agents shall have the right to enter wheresoever said property then is, without order of court and seize with or without legal process the same, claims for damages for such seizure being waived. In the event of destruction by fire, or loss of or damage to said goods in any manner while same are in possession of lessee, under this lease, lessee covenants to hold self responsible to lessor for value thereof and waives rights of exemption under laws of Alabama or any other state, against legal process for collection of such value, or unpaid installments.

"This instrument embodies the entire contract, and no verbal representations or agreements will be recognized.

"In witness whereof, said lessor and lessee hereunto set their hands and seals on the 12th day of June, 1914, at Mobile, Alabama.

"Julia Meyers,    [Seal.]<br>
"————.    [Seal.]<br>
"Residence: 105 N. Lawrence St.

"Witnesses: C. V. Evans.<br>
"L. C. Harwell."

The testimony for plaintiff was to the effect that the property sued for was delivered to defendant under the terms of the contract and not otherwise, and that there had not been any modification of the contract except at a time when defendant wanted to give up the property it had agreed to reduce the monthly payment from $35 per month to $25 reserving the right to go back to the $35 whenever plaintiff desired; that after defendant had made several payments of $25, plaintiff demanded a return to the $35 payment, and that defendant failed and refused to pay it. No demand is shown to have been made for the $25 payment or a refusal to pay it. The defendant's evidence tended to show that she applied to plaintiff to "get" some furniture "under the lease"; that she agreed on the price and signed the instrument offered in evidence; that after payment of several hundred dollars, defendant offered to return the furniture because she could not pay, and plaintiff then agreed that the payment should be $25 per month instead of $35; that after she had made several $25 payments, plaintiff wrote her a letter to the effect that it would not receive $25 any longer, but that she must pay $35 as stipulated in the original contract, and that she had never refused to pay the $25. The defendant did not testify that she had gotten the furniture other than under the written instrument in evidence. There was other evidence, but as we view it, the foregoing is all that is pertinent to a decision of this case.

[1] Under the indisputed evidence, the contract was not a conditional sale, but was a lease for a term of months as fixed by the number of payments, at an agreed rental, and upon default the plaintiff having the title, would have the right to maintain this action. Case v. Monk, 7 Ala. App. 419, 62 South. 268.

There is no evidence of any misrepresentation of the contents of the contracts, nor is there any pretense that the rental value was any less by reason of the fact that some of the furniture was veneered instead of being solid. This being the case, none of the special pleas were proven, and it becomes unnecessary to pass upon the demurrers testing their sufficiency, nor does the evidence sustain the statutory suggestion of a debt secured by a conditional sale. It therefore follows that charge 2, instructing the jury that under the evidence the written instrument by which defendant secured possession of the property should be construed as a lease, should have been given as requested. This leaves only a consideration of the issues raised under the plea of non detinet.

[2] The evidence shows without conflict that there was a modification of the original lease as to the amount of the monthly payments; as to exactly what that modification was there is a conflict, the plaintiff contending that the reduction from $35 per month to $25 was temporary and to be returned to the $35 at the pleasure of the plaintiff, the defendant, that the reduction was permanent. This was a question to be determined by the jury from all the facts. If the defendant's contention is true, she would have a right to the possession of the property until default, and if no default had occurred at the time of the institution of this suit, the plaintiff could not recover in this case. It is admitted that the defendant did not pay the $25 installment, and if this were all, the plaintiff would still have been entitled to the general charge. But it also appears that plaintiff notified defendant in writing that it would not receive the $25 installment, and demanded the larger amount. This action on the part of the plaintiff relieved defendant of the necessity of making tender of the $25, for if the defendant's contention is true, she would not be required to do the vain and useless thing of tendering the $25 installment until the plaintiff had receded from its position (Root v. Johnson, 99 Ala. 90, 10 South. 293), and hence the general charge as requested by the plaintiff was properly refused.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.