(81 South. 843)

EVANS FURNITURE CO. v. MEYERS.
(1 Div. 320.)

(Court of Appeals of Alabama. April 15, 1919.)

1. BAILMENT ⟨key⟩28 — TENDER ⟨key⟩16(3)—UNAUTHORIZED CLAIM.

Where there had been a modification of lease of furniture by lowering amount of monthly rental, and lessor notified lessee that he would not accept such lower rental, lessee would be under no duty to offer to pay any amount until lessor receded from demand for excessive amount and so notified lessee, and lessor, notwithstanding title remained in it, would not be entitled to institute suit for possession until expiration of lease period as fixed by terms of modified agreement.

2. EVIDENCE ⟨key⟩581—TESTIMONY AT FORMER TRIAL—PREDICATE.

Admitting in evidence, over timely objection and exception, defendant's testimony at a former trial, where no predicate had been laid for introduction, was prejudicial error.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Suit by the Evans Furniture Company against Julia Meyers. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Brooks & McMillan, of Mobile, for appellant.

Gordon & Edington, of Mobile, for appellee.

SAMFORD, J. For a full statement of the facts in this case, reference is here made to Evans Furniture Co. v. Meyers, 16 Ala. App. 268, 77 South. 418, where this court held that:

"Where there had been a modification lowering the amount of monthly rentals under a lease, and the lessor notified lessee that he would not accept such lower installment, the lessee was thereby relieved from making a tender thereof to prevent a forfeiture of the lease."

On the trial, from the judgment of which this appeal is taken, plaintiff requested the court in writing to instruct the jury as follows:

(1) The court charges the jury that under the evidence in this case plaintiff is the owner of the property sued for, and that the only question for the jury to decide, aside from the value of the property, is whether plaintiff was entitled to the possession of the property when this suit was brought, and the court charges you that it was entitled to such possession if at that time the defendant declined to pay anything on the property or for its use.

[1] Charges 2 and 3 in effect assert the same propositions. In so far as the charges assert title to the property, they were correct; but this court has already held that, if the jury believed the defendant's testimony, the action of the plaintiff in demanding a larger amount than it was entitled to, and refusing to accept the amount rightly due, had relieved the defendant of the necessity of making tender, and there was no testimony in the case upon which to base a charge that the defendant had failed or refused to pay the correct amount as found by the jury to have been due. Until the plaintiff receded from its demand for the $35 payment, found by the jury to be excessive, and so notified the defendant, she was under no duty to offer to pay any amount, and, notwithstanding the title of plaintiff in the chattels, it would not be entitled to institute a suit for the possession of the goods until the expiration of the lease period as fixed by the terms of the modified agreement. Of course, the defendant still continued to owe the correct amount due under the contract, and but for plaintiff's positive refusal to accept less than the $35 the defendant would have been in default by a failure to offer to pay the amount due, but there is no pretense that such is the case. The charges were properly refused.

[2] The defendant, however, was not present at the trial, and over timely objection and exception of plaintiff her testimony, taken on a former trial of this case, was admitted in evidence. There was no predicate laid for the introduction of this testimony, and its admission was prejudicial error. Jacobi v. State, 133 Ala. 1, 32 South. 158.

For the error pointed out, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes