(108 So. 562)

### GATEWOOD v. HUGHES et al.
### (4 Div. 244, 244A.)

(Supreme Court of Alabama. May 13, 1926. Rehearing Denied June 10, 1926.)

**1. Contracts ⬤══318—Vendor and purchaser ⬤══95(2).**

Forfeitures are not favored in equity, and may be waived by continued recognition and receipt of part payments under contract for sale of land on installments after ground of forfeiture.

**2. Specific performance ⬤══101—Relief from forfeiture will not be awarded where it would be inequitable.**

Relief from forfeiture will not be awarded in suit for specific performance where, under the facts of case, it would in itself be inequitable.

**3. Specific performance ⬤══97(1)—Payment of purchase money is condition precedent to relief, in action for specific performance, notwithstanding destruction of building on land by fire.**

In action for specific performance of contract for sale of land on installments, payment is a necessary condition precedent to relief, notwithstanding chief value of land was in building thereon, which had been destroyed by fire, and land was then less in value than amount of unpaid purchase money.

**4. Equity ⬤══359—Unless there is want of adequate remedy at law, court will not be in error in declining to retain cross-bill upon dismissal of original bill.**

Dismissal of an original bill ordinarily should carry the cross-bill, and, unless there is want of an adequate remedy at law, the court will not be put in error in declining to retain the cross-bill as a distinct suit.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Bill in equity by B. T. Gatewood against J. E. Hughes, W. Inabinett, and the Home Underwriters' Department, Home Insurance Company of New York, and cross-bill by respondent insurance company against respondent Inabinett. From a decree dismissing the original and cross-bills, complainant and cross-complainant appeal. Affirmed on direct and cross appeals.

J. D. Bailey, of Florala, for appellant.

Steiner, Crum & Wiel and Powell & Albritton, all of Montgomery, for cross-appellant.

Appellant was entitled to specific performance, and to have the purchase price abated to the extent of the value of the property burned. Stewart v. Cross, 66 Ala. 22; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Root v. Johnson, 99 Ala. 90, 10 So. 293; Franklin v. Long, 191 Ala. 310, 68 So. 149; Dinsmoor v. Thomas, 198 Ala. 481, 73 So. 820; Jones v Hert, 192 Ala. 111, 68 So. 259; Saunders v.

McDonough, 191 Ala. 119, 67 So. 591; 1 Warvelle on Vendors (2d Ed.) § 181. Where an insurance policy is conditioned that it shall be void if the subject of the insurance is a building on land not owned in fee simple, or if the interest of the insured is other than sole and unconditional ownership, a breach of such condition avoids the policy. Brown v. Comm. Fire Ins. Co., 86 Ala. 189, 5 So. 500; 2 Cooley's Briefs, p. 1337; 6 Cooley's Briefs, p. 466.

G. W. Reeves, of Florala, and E. O. Baldwin and J. M. Prestwood, both of Andalusia, for appellees.

There is no evidence to sustain the allegations of the original bill. It was properly dismissed. When the original bill failed, the only subject of equitable interference in the cross-bill failed, other matters being strictly legal, and the cross-bill was properly dismissed. Wilkinson v. Roper, 74 Ala. 140; Abels v. Planters' Co., 92 Ala. 382, 9 So. 423; 5 Ency. Pl. & Pr. 662.

BOULDIN, J. The bill is in the nature of one for specific performance of an executory contract for the sale of lands on long-term installments, with stipulation that time is of the essence of the contract, and, upon default in payment of installments, the contract, at the option of the vendor, is to be forfeited, and all payments made to be retained as liquidated damages.

[1, 2] That forfeitures are not favored in equity, and may be waived by continued recognition and receipt of part payments after ground of forfeiture, is a well-recognized equitable doctrine. The doctrine is subject to general equitable principles in cases of specific performance; the relief will not be awarded where, under the facts of the case, it would in itself be inequitable. Franklin v. Long, 191 Ala. 310, 68 So. 149; Zirkle v. Ball, 171 Ala. 572, 54 So. 1000; Root v. Johnson, 99 Ala. 90, 10 So. 293; Stewart v. Cross, 66 Ala. 22.

[3] We find it unnecessary to determine the application of these rules to the facts of this case for the following reason: The chief value of the property was in a hotel building located thereon. Before the filing of the bill, it was destroyed by fire. Without conflict, the lot, with remaining improvements, is far less in value than the amount of purchase money, taxes and assessments remaining unpaid, and whose payment is a necessary condition precedent to relief. Hence the only equity of value to complainant rests upon that feature of the amended bill alleging that the successor to the rights of the vendor under the contract caused the building to be burned for the insurance he had taken thereon, and praying that this waste or reduction in value of the property

be credited upon the purchase money, or be applied in abatement of same.

Upon a careful study of the record, we conclude complainant has not met the burden of proof assumed by him upon that issue. The decree dismissing the original bill was without error.

The cross-bill of the insurance company, seeking.to cancel the policy because of breach of conditions and warranties, or for misrepresentations, has no independent equity. The defenses are equally available at law.

[4] The dismissal of the original bill ordinarily should carry the cross-bill, and, unless there is want of an adequate remedy at law, the court will not be put in error in declining to retain the cross-bill as a distinct suit. Ex parte Conradi, 210 Ala. 213, 217, 97 So. 569.

Affirmed on direct and cross appeals.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.