154 So. 588

## CATANZANO et al. v. HYDINGER.
### 6 Div. 439.

Supreme Court of Alabama.
May 10, 1934.

Erle Pettus, of Birmingham, for appellants.

Benj. Leader and John D. Hill, both of Birmingham, for appellee.

ANDERSON, Chief Justice.

The bill of complaint is primarily for a rescission and cancellation of the contract of sale and a restoration to the complainant of so much of the purchase money heretofore paid because of a breach on the part of the respondents to grade and gravel the streets, furnish water and lights as covenanted to do in the lease sale contract. If this were all, the complainant would doubtless have a plain and adequate remedy at law. Nicolopoolos v. Donovan et al., 221 Ala. 16, 127 So. 543. True, the bill avers that Greenwood is insolvent, but it also charges that Catanzano purchased or succeeded to all the rights of Greenwood and assumed in writing the obligations of said Greenwood and there is no averment of insolvency on the part of Catanzano.

The bill, however, seeks, in the alternative, specific performance and offers to pay whatever may be ascertained to be due respondent upon the purchase price of the land. While it shows a default by complainant in the payment of some of the purchase money, it attempts an excuse for said defaults upon the refusal of the respondent, after demand, to perform the covenant in the lease sale contract to grade and gravel the streets, supply electricity for lights, etc. As the contract does not provide a fixed time for this, or whether it should be done before or after all the purchase money was paid, we need not decide, as the bill makes out an equitable case against the forfeiture for nonpayment of the balance of the purchase-money notes, a condition subsequent, by offering to pay same. Franklin v. Long, 191 Ala. 310, 68 So. 149; Pomeroy's Specific Performance §§ 335, 336, and 338; 21 C. J. 100; Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854; Hawkins v. Coston, 214 Ala. 135, 107 So. 50; Jacobs et al. v. Mudd et al., 216 Ala. 530, 113 So. 589.

The insistence by appellant that the bill of complaint is bad under section 6835 of the Code of 1923 is without merit, the exception provides: "Where his failure to perform is only partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default." Here, the bill avers payment of a large part of the purchase money and a readiness to pay the balance.

The bill being sufficient as for a cancellation of the forfeiture and a specific performance also entitled the complainant to a compliance with the covenant of respondent to gravel and grade the streets and supply electricity, or to an abatement of the purchase price in lieu of a compliance with said covenant in the event the court found it was not expedient and equitable to compel a strict performance of said covenant. Neal et al. v. Williams et al., 168 Ala. 310, 53 So. 94.

The case of Patterson v. Folmar, 125 Ala. 130, 28 So. 450, wherein the forfeiture of the purchase was upheld, was an action at law.

The trial court did not err in overruling the respondents' demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.