26 So.2d 872

**BARRY et al. v. WELCH et al.**

8 Div. 339.

Supreme Court of Alabama.

June 27, 1946.

Carmichael & Polk, of Sheffield, for appellants.

W. H. Shaw and Arthur L. Shaw, both of Tuscumbia, for appellees.

SIMPSON, Justice.

Bill to enjoin the foreclosure of a real estate mortgage on complainants' property. It is alleged that the debt was not in default, in consequence of which it was prayed that the sale be enjoined, and in the alternative that if the mortgage be adjudged to be in default that complainants be allowed to redeem, after an accounting ascertaining the amount due. The bill offered to do equity and to pay whatever sum should be found to be due under the mortgage. A temporary injunction pendente lite, was issued in response to the prayer of the bill.

The defendants, on answering, moved to dissolve and discharge the injunction and the appeal is from the order of the trial court overruling this motion. The ruling was without error. The denials in the answer of the averment of nondefault in the mortgage debt did not entitle defendants to a dissolution of the injunction of the threatened foreclosure sale.

Regardless of the determination of this issue, the alternative aspect of the bill, seeking an accounting and a redemption from the mortgage, presented a clear right to a continuance of the injunction against the foreclosure proceedings until final decision of the cause. Whitley & Trimble v. Dunham Lbr. Co., 89 Ala. 493, 497, 7 So. 810; Lampkin v. Stout, 199 Ala. 101 (3), 74 So. 239.

This is determinative of the appeal, but the ruling could be sustained on the general principle that equity may relieve against a forfeiture incurred by a breach of an express contract to pay a sum of money. Barton v. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854.

If the forefeiture be inserted in the contract merely as security for the payment of money, equity regarding the security of such payment as the real purpose of the contract may relieve the debtor from its consequences if the creditors' injuries can be adequately redressed (2 Pom. Eq.Jur., 5th Ed., § 381), and unless the debtor's defalcation has been willful or intentional. "It is well settled that where the agreement secured is simply one for the payment of money, a forfeiture either of land, chattels, securities, or money, incurred by its nonperformance, will be set aside on behalf of the defaulting party, or relieved against in any other manner made necessary by the circumstances of the case, on payment of the debt, interest, and costs, if any have accrued, unless by his inequitable conduct he has debarred himself from the remedial

right, or unless the remedy is prohibited, under the special circumstances of the case, by some other controlling doctrine of equity." Id., Pom.Eq.Jur. § 450.

The principle is fully recognized and is considered and applied in the following cases by this court. Dean v. Coosa County Lbr. Co., 232 Ala. 177, 167 So. 566; Hunter-Benn & Co. v. Bassett Lbr. Co., 224 Ala. 215, 139 So. 348; Carter v. Brownell Auto Co., 217 Ala. 690, 117 So. 304; Gatewood v. Hughes, 214 Ala. 674, 108 So. 562; Franklin v. Long, 191 Ala. 310, 68 So. 149, and cases cited, page 314 of 191 Ala.; Barton v. Broyles, supra; Catanzano v. Hydinger, 228 Ala. 547, 154 So. 588; Root v. Johnson, 99 Ala. 90, 10 So. 293.

The effect of the forfeiture clause in this mortgage was to accelerate the unmatured installments and to render the whole balance due on default in the payment, in accordance with the tenor of the instrument, of any maturing installment. Though overlooked in the arguments, the equitable doctrine last noticed should be given consideration in determining the rights of the defendants to have the injunction dissolved.

The parties had been neighbors and friends of long standing and had not observed the strict formalities of transacting these monthly payments in accordance with the letter of the instrument. On the contrary payments had been made and accepted by check without question (Gaunt v. Alabama Bound Oil & Gas Co., 8 Cir., 281 F. 653, 23 A.L.R. 1279) and, at times, after the respective due dates and at places other than as stipulated in said instrument. The forfeiture declarable under the strict terms of the contract may be waived by continued recognition and receipt of part payments, after ground of forfeiture (Gatewood v. Hughes, supra), and relief from the forfeiture under such conditions may be awarded in equity if it would appear to be just and right. Cases supra.

On final decree the court may attach such conditions as are reasonable and right to do equity between the parties. Dean v. Coosa County Lumber Co., supra, page 183 of 232 Ala. 177, 167 So. 566.

The evidence adduced by complainants on the hearing of the motion brought their case within the protection of these equitable principles and the conclusion of the trial court in denying the motion to dissolve the injunction was well grounded.

Court costs were assessed equally against the parties in the trial below, and the same order as to the costs of the appeal will be here enrolled.

The judgment is affirmed.

Affirmed.

All the Justices concur.