40 So.2d 861

GWIN v. GEORGE et ux.

I Div. 362.

Supreme Court of Alabama.
May 26, 1949.

Curtis L. Moody, of Mobile, for appellees.

D. P. Moore, of Mobile, for appellant.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to the bill of complaint as amended. The bill was filed by Ernest Gwin against Jas. F. George and his wife, Bertha George, in connection with a transaction between Ernest Gwin and Jas. F. George concerning a piece of real estate lying in Mobile County, Alabama.

In speaking of equity pleading in general this court has stated "that a bill in equity must show with accuracy and clearness all matters essential to plaintiff's right to relief. These matters must not be made to depend upon inference, nor will

ambiguous averments of them be accepted as sufficient." Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 33 So.2d 475, 477. Or stated another way, we have said, "A bill in equity should show with certainty and clearness that the plaintiff has a right that warrants protection, and the defendant must be distinctly informed of the nature of the case which he is called upon to defend." Walker et al. v. Harris, 238 Ala. 176, 189 So. 746, 747.

After careful consideration of the bill as amended in the present case, we do not think that its allegations meet the foregoing requirements. Hence the court acted correctly in sustaining the demurrer.

The purpose of the bill appears to be to require the defendants to convey the real estate to complainant, who is alleged to have been evicted therefrom by the respondent Jas. F. George. To this end relief from forfeiture is sought. Damages and discovery are also claimed by way of incidental relief. We have stated the case generally, because we are not sure from the allegations of the bill as to just what is the basis on which relief is sought.

In one part of the bill the complainant claims that the property was sold to him, but in another part claims that there was an agreement to sell him the property and that it was not sold to him. In one part of the bill complainant alleges that he has paid for the property and in another part that he has not paid for it. However there is no effort to present these matters in a double aspect or in the alternative. Caldwell v. King, 76 Ala. 149. Nowhere in the bill does the complainant show clearly and accurately just what was the agreement or transaction between him and the respondent Jas. F. George. For example, he seeks to avoid forfeiture of the alleged contract of sale, but in no way shows the terms of the contract so that it can be determined either that the vendor could declare a forfeiture or that the purchaser could have relief therefrom. Moses Brothers v. Johnson, 88 Ala. 517, 7 So. 146, 16 Am.St. Rep. 58; Root v. Johnson, 99 Ala. 90, 10 So. 293; Franklin v. Long, 191 Ala. 310, 68 So. 149; Nelson v. Sanders, 123 Ala. 615, 26 So. 518; Davis v. Folmar, 203 Ala. 336, 83 So. 60; Rogers v. Ganzalez, ante, p. 313, 40 So.2d 858.

The bill does not show whether the alleged agreement was oral or written. There should be averments in this regard so that the defendants may be informed of the case against them, but an oral agreement would be sufficient since the bill does allege that before the bill was filed a part of the purchase price was paid and the vendee placed in possession of the land. Penney v. Norton, 202 Ala. 690, 81 So. 666. Furthermore as to the improvements alleged to have been placed on the land by the complainant the purchaser is entitled to compensation for his outlay even if specific performance is refused, if he went into possession of the land and made valuable improvements thereon upon the faith of his contract. Jones v. Gainer, 157 Ala. 218, 47 So. 142, 131 Am.St.Rep. 52; Irvin v. Irvin, 207 Ala. 493, 93 So. 517; West v. Holman, 223 Ala. 114, 134 So. 667.

The judgment of the lower court is affirmed and the complainant is given 20 days from the time the certificate of affirmance reaches the lower court in which to amend his bill of complaint.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.