45 So.2d 41

### ADAMS et al. v. STATE.
6 Div. 902.

Court of Appeals of Alabama.
Jan. 10, 1950.

Rehearing Denied Jan. 31, 1950.

John A. Jenkins, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

Joe Virgil Adams and William Homer Brewer were arrested under a warrant issued by the Governor of the State of Alabama. They sued out separate writs of habeas corpus in the Circuit Court of Jefferson County, Alabama, each seeking his discharge from the Jefferson County jail. The lower court denied the writs and dismissed the petitions. On appeal here, the two cases are consolidated.

To the sheriff's return he attached copies of the warrants of arrest issued by the Honorable James E. Folsom, Governor of Alabama. These warrants, together with other documentary evidence, were introduced by the State.

The petitioners did not testify, but they claimed, as we interpret the record, that neither of them was in the demanding state at the time the crime is alleged to have been committed.

Expressions in some of the opinions of the appellate courts have given rise to slight confusion among the authorities with reference to the nature of the proof required for the State to make out a prima facie case in habeas corpus proceedings incident to extradition.

This court reviewed the question in the fairly recent case of Tucker et al. v. State, 41 So.2d 625.[1] Judge Harwood cited the case of State v. Smith, 32 Ala.App. 651, 29 So.2d 438. We again call attention to the Smith case and the authorities cited therein. We think that further comment is not required.

I. 34 Ala.App. 477.

The arrests of the petitioners are each based on warrants which charge the theft of an automobile in the State of Illinois. It appears that the accused were tried and acquitted in the United States District Court at Birmingham, Alabama. We assume this prosecution was based on the transportation of the automobile in violation of the Federal statute.

In the instant proceedings the petitioners sought to introduce the stenographic report of the evidence of Mr. Cyril B. Davis, a witness who testified for the Government in the case in the Federal court. The insistence is made that this witness was out of the State and beyond the jurisdiction of the court.

■ The record does not contain any proof that Mr. Davis was, in fact, out of the State of Alabama. The failure of this essential showing is sufficient in itself to sustain the ruling of the court in disallowing the testimony at the former trial. Hines, Dir. Gen. v. Miniard, 208 Ala. 176, 94 So. 302; Evans Furniture Co. v. Meyers, 17 Ala.App. 65, 81 So. 843; Southern R. Co. v. Bonner, 141 Ala. 517, 37 So. 702.

The Assistant United States Attorney was asked this question by counsel for petitioners:

"Let me ask you this, Mr. Huddleston. From the records you made—that if it isn't true that Mr. Cyril B. Davis, the office manager of Burks Motors Company, could not positively state, and did not state, and failed to state, that the 1948 DeSoto Sedan, for which these defendants were tried, and were transporting, knowing it to be stolen, that he failed to state that he knew this car ever was the property of the Burkes Motors Company?"

■ The court sustained the State's objection to this question and correctly so. The absent witness could not be impeached in this manner.

■ It was beside the factual issues to prove that petitioners were acquitted of the indicated charge in the Federal court. If for no other reason, the guilt or innocence of the accused was not a material inquiry in the instant proceedings. Tingley v. State, 252 Ala. 525, 41 So.2d 276.

■ Without question the petitioners failed to establish sufficient proof to overcome the prima facie case made by the State.

The judgment of the lower court is due to be affirmed. It is so ordered.

Affirmed.