**Alfred KUMMLI et al., Appellants,**

**v.**

**Robert H. MYERS, Trustee, et al., Appellees.**

**No. 21753.**

United States Court of Appeals District of Columbia Circuit.

Argued June 21, 1968.

Decided July 31, 1968.

---

Mr. Michael A. Schuchat, Washington, D. C., for appellants.

Mr. Leland T. Johnson, Washington, D. C., for appellees.

Before DANAHER, WRIGHT and ROBINSON, Circuit Judges.

DANAHER, Circuit Judge.

This is an appeal from the denial by the District Court of the appellants' prayer for a preliminary injunction to restrain impending foreclosure on three parcels of land in the District of Columbia. The appellants had executed three deeds of trust covering the premises as security for three notes dated March 5, 1965, in the total amount of $19,000, payable in monthly installments of $190 each. The notes further provided that if the makers were in default with respect to the payment of the installments as they became due and payable, the unpaid balance of the principal and accrued interest were to become due and payable at once at the option of the noteholders, with the entire balance of principal and interest in any event, to become due and payable in February, 1970. Finding that default had occurred, the District Judge concluded "that defendants cannot be restrained from electing to accelerate payment of the remaining unpaid principal and interest" in accordance with the terms of the notes. In the circumstances of this case, we think there was error.[1]

The District Court's order recited two findings, (1) that some six payments were in arrears when (2) the creditors on or about December 5, 1967 "gave plaintiffs written notice of their election to accelerate payment of the unpaid principal and interest  *  *  *  and of their intention to institute foreclosure proceedings." There were no findings respecting the course of dealings between the parties over the years 1965, 1966 and 1967, and none touching the equities of the respective parties despite a substantial and apparently uncontroverted record disclosing the details. Of course we do not in the first instance reach the merits, but as to the issue before us, it is clear that there is much more than meets the eye from a mere reading of the findings that there was a default and that payment of the entire balance had been demanded.

For example, the affidavit of an officer of the Riggs National Bank discloses that during the period May 1, 1965 through March 31, 1967, the Kummli notes had been lodged with Riggs for

---

1. Rarely have we set aside the action of a district court in either denying or granting an application for a preliminary injunction. Maas v. United States, 125 U.S.App.D.C. 251, 254, 255, 371 F.2d 348, 352, 353 (1966). Factors to be considered have been enumerated in Virginia Petroleum Job. Ass'n v. Federal Power Comm., 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958). And see Armour and Company v. Freeman, 113 U.S.App. D.C. 37, 39, 304 F.2d 404, 406 (en banc), cert. denied, 370 U.S. 920, 82 S.Ct. 1559, 8 L.Ed.2d 500 (1962), where we reversed the District Court's denial of a preliminary injunction.

Here we had issued a stay pending appeal.

collection and that 19 payments had been made in accordance with an attached schedule. Only three of those payments of $190 each had been made on the first day of the month in which payment was received. Riggs upon direction of the noteholders had transferred the notes to Arlington Trust Company. An affidavit of the Vice President of Arlington disclosed that from April, 1967 through November, 1967, the appellants had made payment as follows:

| Date of Receipt | Amount Received |
| --- | --- |
| April 29, 1967 | $380 |
| June 2, 1967 | 190 |
| August 1, 1967 | 190 |
| September 28, 1967 | 190 |
| November 1, 1967 | 190 |

The answer filed in behalf of "defendants Werner Krebser and Marion Block Krebser" averred that all of the latter's interest had been assigned to Werner Krebser and accordingly, she was "not a party in interest to this action." Attached to and made a part of the answer was a schedule of trust note payments. Although the notes had been dated March 5, 1965, as appears on their face, no payment had been made as of April 1, 1965 or May 1, 1965. On the contrary, the very first payment acknowledged on the foot of the note occurred on May 18, 1965, the next on June 28, 1965, and so it went, irregularly and without protest as to the delay, until by November, 1967, some twenty-five payments had been made. At no time prior to December 5, 1967 had there been a suggestion that failure on the part of the appellants to make payment on the first of each month would result in a demand for accelerated payment of the entire balance of principal and interest. From the outset, in short, the record indicates a waiver of strict compliance with the terms of the respective notes. Silently significant in this respect is a letter dated March 27, 1967 from Dr. Krebser, addressed to the Kummlis with the salutation "Dear Klara and Fred." [2]

Without detailing all additional data, we mention an affidavit by Mrs. Klara Kummli which discloses that the parties originally had engaged in joint business dealings which culminated in disagreement in the course of resolution of which the notes in question had been issued. Later litigation between the parties respecting an unrelated item had resulted adversely to Dr. Krebser after trial November 14, 1967. Only thereafter, it is made to appear, was there forthcoming the demand under date of December 5, 1967 [3] that the entire balance of principal and interest must be paid forthwith.

---

2. The pertinent text is reproduced as follows:

March 27, 1967
Mr. and Mrs. Alfred Kummli
1410 Ingleside Avenue
McLean, Virginia
Re: Notes Lot 808, Sq. N 177
Lots 23, 24, Sq. N 177
Dear Klara and Fred:
We have transferred your notes from The Riggs National Bank, Washington, D. C. to Arlington Trust Company, Arlington, Virginia, for collection.
After this date, all payments on these notes should be made directly to Arlington Trust Company.
I am sure that you will receive a payment book from them soon.
Thank you,
/s/ Werner Krebser MD
Werner Krebser, M.D.
WK/g
CC: The Riggs National Bank
CC: Arlington Trust Company

3. As of December 5, 1967, an attorney for Dr. Krebser wrote to the Kummlis stating in part:
"In view of your past defaults and your failure to make *the payments* on the respective notes *due December 1, 1967,* Dr. Krebser has elected to exercise the provision of the notes which give him the right in the event of default to declare the unpaid principal and interest sum at once due. I would, therefore, advise you that I have instructed the Trustees on the above Deeds of Trust to institute foreclosure proceedings in the District Court, unless payment of the unpaid principal and interest is forthcoming *within five (5) days.*" (Emphasis added.)

It is possible that there had been some misapprehension of the import of our opinion in Har-Rich Realty Corp. v. American Consumer Industries, Inc.[4] There we saw a history of chronic default in the monthly payments with repeated counter efforts to cause the debtor to bring the account current. We pointed out that we did not there have an action to enjoin a prospective sale but one brought a month later to set aside the sale. There had been no suggestion of effort to interpose a claim of inequitable conduct on the part of the creditor. The purchaser at foreclosure sale had not been made a party to the action. Yet other aspects clearly distinguish *Har-Rich* from the situation disclosed here, and such were the factors which constrained the majority to differ from our learned colleague. He would then have invoked the principle, which we recognize, that by operation of equity the course of conduct of the parties may bring about a modification of their strict legal rights and obligations to the point that the creditor could be said to have created a waiver of its right to accelerate "without at least *implicitly giving prior notice of its intention to do so should default again occur.*"[5]

Our present appellants moved promptly after the Arlington Trust Company as of December 16, 1967 returned their check tendered as the December payment, so acting as Arlington wrote, "in accordance with the instructions of the holder of the note." The Kummlis filed their complaint in the District Court on December 20, 1967, and did not wait until after a sale had been consummated to exhibit their claims.

The appellants in support of their prayer for relief had exhibited a record throughout a period of nearly three years which illustrated the course of the dealings between the parties. But the District Court here failed to take account of the equities so to be perceived.

If counsel for Dr. Krebser on December 5, 1967 had served notice that in future his client would require strict compliance with the terms of the notes and default had occurred thereafter, the District Judge would have had a very different problem to weigh. But here, as we have seen, neither the banks as collecting agents nor the noteholder had given any such notice.

As matters stand it is our view that the District Court's discretion should have been exercised in favor of granting the preliminary injunction as prayed. We will vacate the order denying relief. We will remand with directions that the District Court reconsider, having in mind the flexibility of the equity powers vested in it. It may be that the judge can conclude that foreclosure should be enjoined upon condition that the appellants make up arrearages and bring the accounts current within thirty days from the date of the District Court's order, and thereafter meet payments as they fall due.

Reversed and remanded accordingly.

4. 122 U.S.App.D.C. 88, 351 F.2d 785 (1965).

5. *Id.* at 90, 351 F.2d at 787. And see Edwards v. Smith, 322 S.W.2d 770, 776 (Mo. 1959); Bischoff v. Rearick, 232 S.W.2d 174, 176 (Tex.Civ.App.1950); Barry v. Welch, 248 Ala. 167, 26 So.2d 872, 873 (1946).